Hershel Lee HUNT, Appellant,

v.

The STATE of Texas, State.

No. 2–93–453–CR.

Court of Appeals of Texas, Fort Worth.

July 6, 1995.

Ordered Published Aug. 12, 1995.

Discretionary Review Refused Oct. 18, 1995.

Terry M. Casey, Casey & Colosi, Fort Worth, for appellant.

Tim Curry, Criminal District Attorney, Betty Marshall, Asst. Chief Appellate Section, Charles M. Mallin, Asst. Chief Appellate Section, Helena F. Faulkner, Asst. Crim. Dist. Attorney, Betty Arvin, Asst. Crim. Dist. Attorney, Karen Lynn, Asst. Crim. Dist. Attorney, Fort Worth, for appellee.

Before DAUPHINOT, RICHARDS and PAT McCLUNG, JJ.

## OPINION

PAT McCLUNG, Justice, Retired, Sitting by Assignment.

A jury convicted appellant Hershel Lee Hunt of aggravated sexual assault of a child, and the trial court assessed punishment at confinement for twenty years. *See* TEX.PENAL CODE ANN. § 22.021 (Vernon 1994). Appellant brings two points of error: (1) the

trial court erred in receiving over timely objection prejudicial hearsay testimony as an excited utterance; and (2) the trial court erred in failing to sustain appellant's timely objection to a State's exhibit because its prejudicial effect outweighed its probative value. We affirm the judgment of the trial court.

## FACT SUMMARY

In February 1991, eleven-year-old K.S. was living with her father, James S. Also included in the household were K.S.'s brother and sister, appellant, appellant's girlfriend and his girlfriend's daughter. K.S. testified that shortly after her birthday on February 20, appellant came into her bedroom and woke her up by getting into her bed. K.S. said that appellant took off her underwear and placed it on top of a Barbie doll house next to the bed. Next, according to K.S., appellant "stuck his private" in her vagina, began moving around, and fondled her breasts. K.S. also told the jury that appellant had performed oral sex on her.

An hour after appellant completed the acts and left K.S.'s bedroom, the child's father, James S., came in and saw the underwear placed on the doll house but did not question K.S. The following day, K.S. told her father in a telephone conversation that appellant had been "messing with" her, and she explained why her underwear was on the doll house the previous night. Appellant also talked by telephone with James. K.S. continued living with her father and appellant for some time after the assault, and James took no action regarding the occurrence.

On May 30, 1991, some three months after the event, K.S. was watching television with her mother, Cynthia S., when she became upset after hearing a news story regarding an abused child. The news story related details about a ten-year-old girl who had been stabbed by the man who had raped her. Cynthia told K.S. that "if anything ever happened ... she could always talk to me. She could talk to me about anything." At that point, K.S. fell to the floor and began sobbing. Eventually, K.S. related that appellant had "messed with" her.

The following day, Cynthia took K.S. to Planned Parenthood for an examination and tests for pregnancy and sexually transmitted diseases. Betty Wallace, a nurse working at Planned Parenthood, stated that K.S. was fearful of being pregnant, because she had not had a period in two months. The pregnancy test results were negative. That same day, K.S. reported the assault to the police and picked appellant out of a photospread.

## POINT OF ERROR ONE

■ Appellant's first complaint is that the trial court erred in receiving hearsay testimony as an excited utterance. At trial, appellant raised a hearsay objection prior to Cynthia's testimony concerning the conversation with K.S. after the two watched the news story. The trial court ruled that the testimony was admissible as an excited utterance under rule 803(2) of the Texas Rules of Criminal Evidence because K.S. was afraid, after seeing the story, that she might be pregnant. Appellant maintained that the conversation between K.S. and Cynthia was too remote in time from the assault to constitute an "excited utterance" and that the State was attempting to circumvent the requirements of article 38.072 of the Code of Criminal Procedure.[1]

Appellant argues that the testimony was inadmissible under the guidelines of *Sellers v. State*, 588 S.W.2d 915, 918 (Tex.Crim.App. [Panel Op.] 1979). For hearsay to be classified as an excited utterance, the Court of Criminal Appeals held that the out-of-court statement must relate to the circumstances of the occurrence preceding it. Appellant maintains that the startling occurrence in the instant case was the alleged assault and could not have been any ideas or notions which arose from K.S.'s viewing of a television news story three months later.

The State says that the testimony passed the *Sellers* test, because the Court of Criminal Appeals has "recognized, at least implicit-

1. The "outcry" provision of the Code of Criminal Procedure provides an exception to the hearsay rule for certain testimony in aggravated sexual assault of a child cases. This exception is offered only to testimony from the *first* adult notified of the assault. *See* Tex.Code Crim.Proc.Ann. art. 38.072 (Vernon 1979).

ly" that the startling event which triggers a spontaneous utterance is not necessarily the crime itself. It further contends that had the Legislature intended for the excited utterance exception to apply only to statements precipitated by the charged offense itself, it could have so provided in rule 803(2). The Legislature, however, had nothing to do with the drafting of the Rules of Criminal Evidence.

The State also claims that appellant ignores the evidence supporting the trial court's ruling. Specifically, the State points to K.S.'s testimony that after she saw the news program, detailing the stabbing death of a child by the man who had raped and impregnated her, she wondered "what if I [am] pregnant or something?" The State argues that events or conditions which may not be startling to an adult may be overwhelming for a child and points out that K.S. was only eleven-years-old at the time of the events in question.

■■■ The excited utterance exception is founded on the belief that statements resulting from a startling event are trustworthy because of the declarant's lack of opportunity to fabricate. *Gilbert v. State*, 865 S.W.2d 601, 602 (Tex.App.—El Paso 1993, no pet.). The critical factor is whether the declarant made the statement while dominated by the emotions arising from a startling event or condition. *Mathews v. State*, 835 S.W.2d 248, 250 (Tex.App.—Fort Worth 1992, no pet.). The *Sellers* test defines a spontaneous utterance as an exception to the hearsay rule if:

(1) the statement is the product of an occurrence startling enough to produce a state of nervous excitement which would render the utterance spontaneous and unreflecting;

(2) the utterance is made before there is time to contrive and misrepresent, that is, the state of excitement produced by the startling event must still dominate the reflective powers of the mind;

(3) the utterance must relate to the circumstances of the occurrence preceding it.

*Sellers*, 588 S.W.2d at 918. No single factor is dispositive, and each case must be judged

on its own merits. *Gilbert*, 865 S.W.2d at 602. Because the trial court has broad discretion in deciding the admissibility of evidence, it will be reversed on appeal only if the court abused its discretion. *Id.*

K.S. testified that when she saw the news story, she began wondering if she was pregnant, because at that time she did not know how women became pregnant. Cynthia said that K.S. fell to the floor crying and that Cynthia had never seen the child cry like that before. According to Cynthia, nothing she said would ease K.S.'s tears. The testimony established, then, that K.S. was crying and emotionally upset when she made the statements. *See Torres v. State*, 807 S.W.2d 884, 887 (Tex.App.—Corpus Christi 1991, pet. ref'd.); *Jones v. State*, 772 S.W.2d 551, 554–55 (Tex.App.—Dallas 1989, pet. ref'd.).

The State noted that by the time she saw the news program, K.S. had already told her father about the assault and that he had failed to take any action to report the crime or protect her from further violence. The trial court recognized that the central issue during the trial was the credibility of K.S. and also stated that if an eleven-year-old thought she might be pregnant, "It would probably be pretty exciting."

■■■ We agree with the State's contention that the Court of Criminal Appeals apparently recognized that the startling event which triggers an excited utterance need not necessarily be the crime itself. In *Sellers*, the startling event was described as a midnight visit from police officers seeking custody of the defendant's children from a landlady rather than the underlying criminal act. It was the fact that the statements were not made at the time of the midnight visit but instead were made after the declarant telephoned the sheriff and a lawyer which led the out-of-court statements to be held inadmissible. *Sellers*, 588 S.W.2d at 918–19.

The State argued, and we agree, that it was the shock of seeing the television news program which triggered K.S.'s fear of pregnancy and the ensuing out-of-court statements. The testimony showed that the event was startling enough to produce a state of nervous excitement so as to render the remarks spontaneous. The evidence also

showed that the utterance was made before there was time to misrepresent and that it related to the circumstances of the occurrence preceding it. Therefore, after a *Sellers* analysis, we find it was not an abuse of discretion for the trial court to find the statements were excited utterances and therefore exceptions to the hearsay rule. Appellant's first point of error is overruled.

## POINT OF ERROR TWO

 Appellant next complains that the trial court erred in failing to sustain his objection to the introduction into evidence of James S.'s probation order. K.S. testified that she told her father about the sexual assault, and a Fort Worth Police Officer stated that he prepared a case against James for failure to report child abuse. The State then offered a certified copy of a probation order wherein James pled guilty to that offense. Appellant objected that the probation order was hearsay, bolstering, and irrelevant, or, if relevant, that its prejudicial effect outweighed its probative value. The trial court overruled the objection as follows:

> THE COURT: [O]n cross-examination, it was raised by the defense whether or not [K.S.] had reported this alleged conduct to her father and her father was not called as the first outcry witness. This document shows evidence that it was reported to her father and that he admitted that it was reported. It does not say that this alleged conduct ever occurred. It's just a question of reporting. What prejudicial [sic] there is can easily be handled by a limiting instruction.

Appellant contends the court grossly overestimated the ability of ordinary jurors to make some kind of fine legal distinction that James would have pled guilty to failing to report some kind of sexual abuse which did not, in fact, occur. He maintains the probative value of the document was "virtually nil" and that his conviction was likely secured in the minds of the jurors by this document.

In admitting the document, the trial court held that any prejudice could easily be cured by a limiting instruction. *See* TEX.R.CRIM. EVID.R. 105(a). Appellant failed to request a limiting instruction, either at the time the document was published to the jury or when the trial court's charge was prepared.

Appellant has not demonstrated that a limiting instruction would not have minimized any undue prejudice, and the trial court was apparently willing to provide such an instruction upon request. Where the error could have been cured by a limiting instruction, a defendant who fails to request such an instruction cannot complain of that error on appeal. *Bigley v. State*, 831 S.W.2d 409, 413 (Tex.App.—Austin 1992), *aff'd*, 865 S.W.2d 26 (Tex.Crim.App.1993). We find that appellant has waived this complaint, and his second point of error is overruled.

The judgment of the trial court is affirmed.