OPINION HEADING PER CUR 









                NO. 12-06-00030-CR

 

IN THE COURT OF APPEALS

 

TWELFTH COURT OF APPEALS
DISTRICT

 

TYLER, TEXAS

 

 

MARCUS BRENT NETHERY,       §                      APPEAL
FROM THE THIRD

APPELLANT

 

V.        §                      JUDICIAL
DISTRICT COURT OF

 

THE
STATE OF TEXAS,

APPELLEE   §                      ANDERSON
COUNTY, TEXAS

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



MEMORANDUM
OPINION

            A jury convicted Appellant Marcus Brent Nethery of the
offense of murder and assessed his punishment at imprisonment for life and a
$7,500.00 fine.  Appellant presents one
issue contending the trial court erred in admitting hearsay testimony over his
objection.  We affirm.

 

Background

            The victim (“Heather”) died as a result of hemorrhaging
of the brain caused by blunt trauma to the head inflicted by Appellant.  Appellant and Heather had spent the night
before the assault at a house on West Point Tap Road, a warren for
methamphetamine addicts where they could not only buy drugs but also inject the
drugs they bought.  Appellant and Heather
injected oxycontin that night while others in the group used
methamphetamine.  The next day, Heather
developed the symptoms of a bad cold and called her mother to ask her to bring
some Nyquil to the house on West Point Tap Road.  When her mother brought her the cold
medicine, Heather did not feel well because of the cold,  but she was uninjured.  She turned down her mother’s offer to take
her home.  She said she just wanted to
lie there and rest.  








            The next morning at 2:30 a.m., Heather called her mother
and asked her to come pick her up. 
Before her mother could get fully dressed, Heather called again
distraught, with fear and panic in her voice, and said, “Mama, please hurry, he
may come back.”

            When her mother arrived at the house on West Point Tap
Road, Heather was waiting on the porch. 
Another woman was helping her stand and assisted the mother in getting
her into the car.  Heather’s nose and
face were bloody, there was blood on her shirt front, and her eye was swollen
and starting to discolor.  “She was
scared to death” and “panicky and crying,” her mother told the jury.  “She just wanted me to leave as soon as I
could.”  Her mother then testified, as
follows:

 

Q:                            And
what did you ask her?

 

A:                            I waited until I got down the
road some away from the house.  Then I
asked her what happened.  And she told
me.

                . . . .

 

Q:                            And
what did Heather say happened?

 

[Defense
Counsel]:     Your Honor, I am
going to object to hearsay.

 

The Court:      Overruled.

 

Q:
(By the Prosecutor)    You may answer.

 

A:                            She
told me that she was asleep.  And that
when she woke up, Marcus was straddled her. 
And was waking her up.  And she
just said he wanted to have sex with her. 
And she said, no, that she was sick and didn’t feel like it.  And that’s when he hit her.

 

Q:                            So
she said he hit her?

 

A:                            Yes.

 

Q:                            Did
she say how many times?

 

A:                            I
am not – – I don’t think she knew.  I
think when he hit her, he must have knocked her out, because she said he just –
– he just hit me, is what she said.

 

 

            Hearsay or Excited Utterance

            In his issue on appeal, Appellant contends the trial
court erred in admitting, over his objection, the testimony of Heather’s mother
about what Heather had told her as they left the West Point Tap house in the
early morning hours soon after the assault.

            The State maintains that the mother’s testimony regarding
who hit Heather and why he hit her was properly admitted as an excited
utterance.

Standard of Review

            A trial court’s decision to admit or exclude evidence is
reviewed under an abuse of discretion standard. 
See Montgomery v. State, 810 S.W.2d 372, 379-80 (Tex.
Crim. App. 1990).  If the trial court’s
ruling on the admission of evidence is correct under any theory of law, the
trial court’s decision should not be disturbed even if the trial court gives
the wrong reason for its ruling.  See Romero
v. State, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990).

Applicable Law

            An excited utterance is a statement describing an event
or condition made while the declarant was under the stress of excitement caused
by the event or condition.  Tex. R. Evid. 803(2).  Excited utterances are excepted from
exclusion as hearsay, even though the declarant is available as a witness.  Id.  

            The excited utterance exception to the hearsay rule is
based upon the belief that excitement stills the capacity for reflection so
that utterances made by a declarant while excited by a startling event are free
from conscious fabrication.  2 Steven Goode et al., Texas Practice: Texas Rules
of Evidence § 803.3 (3d ed. 2002). 
The exception has three requirements:

 

(1)           the
statement must be the product of a startling occurrence that produces a state
of nervous excitement in the declarant and renders the utterance spontaneous
and unreflecting,

 

(2)           the
state of excitement must still so dominate the declarant’s mind that there is
no time or opportunity to contrive or misrepresent, and 

 

(3)           the
statement must relate to the circumstances of the occurrence preceding it.

 

 

Sellers v. State, 588
S.W.2d 915, 918 (Tex. Crim. App. [Panel Op.] 1979).  The court of criminal appeals has more
recently explained as follows:

 

It
is not dispositive that the statement is an answer to a question or that it was
separated by a period of time from the startling event; these are simply
factors to consider in determining whether the statement is admissible under
the excited utterance hearsay exception. 
The critical determination is “whether the declarant was still dominated
by the emotions, excitement, fear, or pain of the event” or condition at the
time of the statement.

 

 








Salazar v. State, 38
S.W.3d 141, 154 (Tex. Crim. App. 2001) (citations omitted) (quoting McFarland
v. State, 845 S.W.2d 824, 846 (Tex. Crim. App. 1992)).  The inquiry should focus on whether the
cumulative effect of the three Sellers requisites shows the
statement to be sufficiently reliable.  Sellers,
588 S.W.2d at 918.

            The startling event that triggers the excited utterance
need not be the crime itself.  See Hunt v.
State, 904 S.W.2d 813, 816 (Tex. App.–Fort Worth 1995, pet. ref’d).  In Hunt, an eleven year old
girl began to cry uncontrollably upon seeing a television news item about a
young rape victim who had been stabbed by her attacker.  When her mother asked her why she was crying,
she told her mother that her father’s friend had sexually assaulted her three
months before.  Id.  At trial, the girl testified that seeing the
news program made her afraid that she might be pregnant. Id. Over
defendant’s objection, her mother was also permitted to testify to what her
daughter had said.  Id.  The court held that the shock of
seeing the television news program, coupled with her fear of pregnancy, was
sufficient to produce a state of nervous excitement so as to render her
subsequent remarks spontaneous.  Id.
at 816-17.

Discussion

            When Heather made the challenged statement, only a short
time had passed since the attack.  She
was crying, bloody, and gripped by an overpowering terror that her assailant
might return.  In addition to visible
bruises to her eye, nose, ears, ankles, and wrists, her brain was hemorrhaging
from the blows to her head and her spleen was torn.  We may infer from her injuries that she was
in great pain.  Heather made the
statements only moments after being rescued.

            The statement was the product of a terrible and startling
occurrence that still dominated her mind, and the statement related directly to
the circumstances preceding it.  Without
question the record shows that, when she made the statement, Heather was still
dominated by the emotion, excitement, horror, and pain of the event.  See Salazar, 38 S.W.3d at 154.  The trial court properly admitted the
statement.

            Appellant argues that there is an inconsistency in the
trial judge’s ruling overruling his objection to what Heather said moments
after leaving the house where she was attacked, but sustaining his objection
during the punishment phase to what she told her mother the next morning. 








            There is no inconsistency in the judge’s rulings.  Heather had been home safe in bed with her
mother for several hours when she made the statement the judge excluded.  Her mother had soothed and comforted her
during the night and the next morning. 
The record does not show that she was still gripped by the horror of the
event.  She was still suffering terrible
physical pain, but the time for unreflecting spontaneity had passed.  Although the passage of time between the
event and the statement is not necessarily dispositive, it is an important
factor.  The circumstances accompanying
the two declarations were markedly different. 
The trial judge correctly ruled on both of Appellant’s objections.  Appellant’s sole issue is overruled.

 

Disposition

            The judgment is affirmed.

 

 

                                                                                  BILL BASS    

                                                                                      Justice

 

 

 

 

Opinion
delivered July 31, 2006.

Panel
consisted of Worthen, C.J., Griffith, J. and Bass, Retired Justice, Twelfth
Court of Appeals, Tyler, sitting by assignment.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)