OPINION HEADING PER CUR 









                                NO. 12-05-00285-CR

 

IN THE COURT OF APPEALS

 

TWELFTH COURT OF APPEALS
DISTRICT

 

TYLER, TEXAS

 

 

DAVID
MITCHELL, §                      APPEAL FROM THE 159TH

APPELLANT

                                                            

V.        §                      JUDICIAL
DISTRICT COURT OF

 

THE STATE OF TEXAS,

APPELLEE  §                      ANGELINA COUNTY, TEXAS

                                                                                                                                                           


MEMORANDUM OPINION

            A jury convicted Appellant David
Mitchell of two counts of aggravated assault and assessed his punishment at
imprisonment for eighteen years and a $5,000.00 fine on each count.  Appellant urges eight issues on appeal.  We affirm.

 

Background

            The complainant, LaDonya Mitchell,
was driving from Lufkin to Nacogdoches in a Ford Explorer with her two year old
daughter, Katelyn, in the back seat.  A
man driving a white Chevrolet Cavalier drove up beside her car, pointed a
pistol at her, and fired several shots shattering the window in her car.

            LaDonya called 911 crying and
screaming that her husband, David Mitchell, was shooting at her.  She described her husband, gave his date of
birth, and told the operator he had a nine millimeter handgun.  While talking to the 911 operator, she
discovered her child had been shot and she began screaming again.  She told the 911 operator that her husband
was driving a newer model Chevrolet Cavalier.








            While still talking to the 911
operator, LaDonya spotted Trooper Chris Harrison stopped on the side of the
highway dealing with an errant motorist, and she stopped her car near the
trooper’s patrol car.  When Harrison
approached her vehicle, he noticed shattered glass and bullet holes in the
vehicle.  LaDonya was hysterical and
crying.  When Harrison asked what had
happened, LaDonya said her husband had been shooting at her.  Harrison called for an ambulance to help care
for the injured child.

            Lisa Ady was traveling in the
opposite direction from LaDonya, witnessed the shooting, and identified
Appellant in a photo lineup and in court.

            An hour and a half after the
shooting, Aric Hancock, an investigator for the Angelina County Sheriff’s
Department, went to the Woodland Heights emergency room where Katelyn was being
treated for a gunshot wound in the foot. 
Hancock interviewed LaDonya for approximately half an hour.  She was composed when they met inside the
hospital, but when they went outside she became “very upset and began to cry.”  Hancock testified that she seemed under
stress during the forty minutes they spent together.  Hancock wrote down her statement as she
talked.  She told Hancock that while she
was traveling toward Nacogdoches, her husband pulled his car beside hers and
started shooting.  She told Hancock that
her husband had attacked her on several occasions before and she wanted him
picked up.  Hancock obtained a warrant
for the arrest of Appellant.

            Other evidence showed that Appellant
had leased a white 2003 Cavalier.  Two
unfired nine millimeter cartridges of the type fired at LaDonya were found in
the car.

            At trial, LaDonya testified she
could not see the shooter clearly, and therefore she could not identify
him.  She admitted that she had told the
911 operator, Harrison, and Hancock that her husband was the assailant.  She said that she had named her husband as
her attacker, because she had been taking strong medicine.  She also admitted that she had told the
prosecutor that she had been coerced to write a letter recanting her
identification of her husband as the person who shot at her and wounded the
child.

            Appellant did not testify.

 

Right of Confrontation








            In his first, third, and fifth
issues, Appellant contends the trial court erred in allowing Hancock, Harrison,
and the 911 operator to testify to the statements made to them by LaDonya
identifying Appellant as the assailant. 
Appellant maintains that the admission of these statements as excited
utterances violated the Confrontation Clause of the Sixth Amendment to the
United States Constitution.

Standard
of Review and Applicable Law

            In determining the constitutional
issue presented, we review the trial court’s ruling de novo.  Moore v. State, 169 S.W.3d 467,
474 (Tex. App.–Texarkana 2004, pet. ref’d).








            The Sixth
Amendment provides, “In all criminal prosecutions, the accused shall enjoy the
right to. . . be confronted with the witnesses against him. . . .”  U.S.
Const. amend VI.  “The Sixth
Amendment’s right of confrontation is a fundamental right and is applicable to
the States by virtue of the Fourteenth Amendment.”  Shelby v. State, 819 S.W.2d
544, 546 (Tex. Crim. App. 1991).  In Crawford
v. Washington, 541 U.S. 36, 124 S. Ct. 1354, 158 L. Ed. 2d 177 (2004),
the Supreme Court held that the Confrontation Clause bars the admission of “testimonial”
hearsay unless the declarant is unavailable and the defendant had a prior
opportunity to cross examine the declarant. 
Id., 541 U.S. at 68, 124 S. Ct. at 1374.  “Testimonial” includes at a minimum “prior
testimony at a preliminary hearing, before a grand jury, or at a former trial”
and to “police interrogations.”  Id. 
In Davis v. Washington, 126 S. Ct. 2266, 165 L. Ed. 2d 224
(2006), a 911 operator was told by the complainant that she had just been
assaulted by her boyfriend who had fled from the scene.  The Supreme Court observed that a 911 call is
ordinarily made to describe current circumstances requiring police
assistance.  Id., 126 S.Ct.
at 2276.  The Court held “that statements
are nontestimonial when made in the course of police interrogation under
circumstances objectively indicating that the primary purpose of interrogation
is to enable police assistance to meet an ongoing emergency.”  Id., 126 S.Ct. at 2273.  They are testimonial when the circumstances
objectively indicate that there is no such ongoing emergency, and that the
primary purpose of the interrogation is to establish or prove past events
potentially relevant to later criminal prosecution.  Id., 126 S.Ct. at 2273-74.

            “When a declarant
appears for cross-examination at trial, the Confrontation Clause places no
constraints at all on the use of his prior testimonial statements.”  Crawford, 541 U.S. at 59, 124
S.Ct. at 1369.  The Clause does not bar
admission of a statement so long as the declarant is present at trial to defend
or explain it.  Id.  

Discussion

            Since the Supreme
Court’s delivery of its opinions in Davis v. Washington and Hammon
v. Indiana, 126 S. Ct. 1457, 164 L. Ed. 2d 131 (2006), Appellant has
filed a supplemental brief acknowledging that the opinion in Davis
is adverse to his contention that LaDonya’s 911 call and her roadside statement
to Trooper Harrison were testimonial.  He
insists, however, that Hammon supports his position that her
statement made to Officer Hancock at the hospital was testimonial since the
statement was not made in the context of an ongoing emergency.

            Appellant’s
contentions would be correct if LaDonya had not appeared, albeit tardily, as a
witness at trial.  But LaDonya did
testify, admitted making the statements, and was given the opportunity to
explain them.  Therefore, the admission
of her out of court statements did not implicate Appellant’s right of
confrontation.  Appellant’s first, third,
and fifth issues are overruled.

 

Hearsay
Admissible as Excited Utterance

            In his second,
fourth, and sixth issues, Appellant complains the trial court erred in
admitting, over his hearsay objection, LaDonya’s statements to Deputy Hancock,
Trooper Harrison, and the 911 operator as excited utterances.  

Standard of Review

            A trial court’s
decision to admit or exclude evidence is reviewed under an abuse of discretion
standard.  See Montgomery v. State,
810 S.W.2d 372, 379-80 (Tex. Crim. App. 1990). 
As
long as the trial court’s ruling was “within the zone of reasonable
disagreement,” its decision will be sustained. 
Id. at 391.  A determination
is beyond the zone of reasonable disagreement if by no reasonable perception of
common experience could it be concluded that the proffered evidence had a
tendency to make the existence of a fact of consequence more or less probable
than it would be otherwise.  Id.   If the trial court’s ruling on the admission
of evidence is correct under any theory of law, the trial court’s decision
should not be disturbed even if the trial court gives the wrong reason for its
ruling.  See Romero v. State,
800 S.W.2d 539, 543 (Tex. Crim. App. 1990).

Applicable Law

            The following is
not excluded by the hearsay rule, even though the declarant is available as a
witness:

            . . . .

(2)        Excited Utterance.  A statement relating to a startling event or
condition made while the declarant was under the stress of excitement caused by
the event or condition.

 

            .
. . .

 

Tex. R. Evid. 803(2).

            The excited
utterance exception to the hearsay rule is based upon the belief that
excitement stills the capacity for reflection so that utterances made by a
declarant while excited by a startling event are free from conscious
fabrication.  2 Steven Goode et al., Texas Practice: Texas Rules of Evidence §
803.3 (3d ed. 2002).  The exception has
three requirements:

 

(1)        the statement must be the product of a
startling occurrence that produces a state of nervous excitement in the
declarant and renders the utterance spontaneous and unreflecting,

 

(2)        the state of excitement must still so
dominate the declarant’s mind that there is no time or opportunity to contrive
or misrepresent, and

 

(3)        the statement must relate to the
circumstances of the occurrence preceding it.

 

 

Sellers v. State,
588 S.W.2d 915, 918 (Tex. Crim. App. [Panel Op.] 1979).  The court of criminal appeals has more
recently explained as follows:

 

It is not
dispositive that the statement is an answer to a question or that it was
separated by a period of time from the startling event; these are simply
factors to consider in determining whether the statement is admissible under
the excited utterance hearsay exception. 
The critical determination is “whether the declarant was still dominated
by the emotions, excitement, fear, or pain of the event” or condition at the
time of the statement.

 

 

Salazar v. State, 38
S.W.3d 141, 154 (Tex. Crim. App. 2001) (citations omitted) (quoting McFarland
v. State, 845 S.W.2d 824, 846 (Tex. Crim. App. 1992).  The inquiry should focus on whether the
cumulative effect of the three Sellers requisites shows the
statement to be sufficiently reliable. Sellers, 588 S.W.2d at
918.

            The startling
event that triggers the excited utterance need not be the crime itself.  See Hunt v. State, 904
S.W.2d 813, 815 (Tex. App.–Fort Worth 1995, pet. ref’d).  In Hunt, an eleven year old
girl began to cry uncontrollably upon seeing a television news item about a
young rape victim who had been stabbed by her attacker.  When her mother asked her why she was crying,
she told her mother that her father’s friend had sexually assaulted her three
months before.  Id.  At trial, the girl testified that seeing the
news program made her afraid that she might be pregnant.  Id.  Over defendant’s objection, her mother was
also permitted to testify to what her daughter had said.  Id.  The court held that the shock of seeing the
television news program, coupled with her fear of pregnancy, was sufficient to
produce a state of nervous excitement so as to render her subsequent remarks
spontaneous.  Id. at
816-17.

Discussion

            The statements
made to the 911 operator and to Trooper Harrison on the roadside could well
serve as textbook examples of an excited utterance admissible under Rule
802(b).  LaDonya’s identification of her
husband as the shooter was, in both instances, made immediately after the
assailant had shot six bullets into her car, shattering the car window next to
her and wounding her child.  She was
described as hysterical, crying, and screaming. 
She obviously feared that her husband might resume the attack.  It is impossible to imagine an event more
startling than being shot at six times at very close range.  Between the event and the two statements,
there was no time for reason or reflection. 
There is no question that when she called 911 and when she talked to
Trooper Harrison immediately thereafter, she was still dominated by the
excitement and fear ignited by the attack.

            The statements
LaDonya made to Deputy Hancock at the hospital present a closer question.  Nearly two hours had elapsed since the
shooting, and the emergency, while still ongoing, was no longer acute.  Her daughter was still undergoing
treatment.  Although LaDonya appeared to
be quiet when Deputy Hancock first saw her in the hospital, when she went
outside to talk about the incident, she became “very upset, and began to
cry.  She had a hard time talking.”  Deputy Hancock said she cried throughout the
interview.  Although nearly two hours had
passed since the attack and although LaDonya was no longer described as
hysterical but was still crying and terribly upset, it is not unreasonable to
believe that she was still dominated by the emotions caused by the attack.  We conclude that the trial judge’s decision
was not “so clearly wrong as to lie outside the zone within which reasonable
persons might disagree.”  See Cantu
v. State, 842 S.W.2d 667, 682 (Tex. Crim. App. 1992).  The trial judge did not err in admitting the
three challenged statements as excited utterances.  Appellant’s second, fourth, and sixth issues
are overruled.

 

Legal
and Factual Sufficiency

            In his seventh
and eighth issues, Appellant contends the evidence is both legally and
factually insufficient to support his conviction.

Standard of Review

            The standard for
reviewing a legally sufficiency challenge is whether, viewing the evidence in
the light most favorable to the jury’s verdict, any rational trier of fact
could have found the essential elements of the offense beyond a reasonable
doubt.  Jackson v. Virginia,
443 U.S. 307, 317-18, 99 S. Ct. 2781, 2788-89, 61 L. Ed. 2d 560 (1979); see
also Johnson v. State, 871 S.W.2d 183, 186 (Tex. Crim. App.
1993).  In Zuniga v. State,
144 S.W.3d 477 (Tex. Crim. App. 2004), the court of criminal appeals explained
the factual sufficiency standard.

 

There is only
one question to be answered in a factual-sufficiency review: Considering all of
the evidence in a neutral light, was a jury rationally justified in finding
guilt beyond a reasonable doubt? 
However, there are two ways in which the evidence may be
insufficient.  First, when considered by
itself, evidence supporting the verdict may be too weak to support the finding
of guilt beyond a reasonable doubt. 
Second, there may be both evidence supporting the verdict and evidence
contrary to the verdict.  Weighing all
the evidence under this balancing scale, the contrary evidence may be strong enough
that the beyond-a-reasonable-doubt standard could not have been met, so [that]
the guilty verdict should not stand. 
This standard acknowledges that evidence of guilt can “preponderate” in
favor of conviction but still be insufficient to prove the elements of the
crime beyond a reasonable doubt.  Stated
another way, evidence supporting guilt can “outweigh” the contrary proof and
still be factually insufficient under a beyond-a-reasonable-doubt standard.

 

 

Id. at 484-85.

Discussion

            Although LaDonya
attempted to disavow her earlier and repeated identifications of Appellant as
her assailant, the evidence against Appellant is little short of
overwhelming.  Her excuse for the alleged
misidentification, that she was taking strong medicine, was lame at best.  She had earlier told the district attorney
that she was being pressured to change her story.

            Another
eyewitness to the shooting, Lisa Ady, positively identified Appellant as the
shooter.  Before the attack, Appellant
rented a white Chevrolet Cavalier that matched the description given by LaDonya
and Lisa Ady of the assailant’s auto. 
Reloaded shells of the same type and caliber fired into LaDonya’s car
were found in the car Appellant had rented.

            Measured against
the appropriate standards of review, we hold the evidence is both legally and
factually sufficient to support Appellant’s convictions.  Appellant’s seventh and eighth issues are
overruled.

 

Disposition

            The judgment is affirmed.

 

 

                                                                                                       BILL BASS    

                                                                                                            Justice

 

 

 

 

Opinion delivered
August 25, 2006.

Panel consisted of Worthen, C.J., Griffith,
J., and Bass, Retired Justice, Twelfth Court of Appeals, Tyler,

sitting by assignment.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO
NOT PUBLISH)