**Andrew Tyrone McCARTY, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 06–06–00167–CR.

Court of Appeals of Texas, Texarkana.

Submitted March 9, 2007.

Decided June 14, 2007.

Steven R. Miears, Attorney At Law, Bonham, for appellant.

Michael Morrow, Asst. County Atty., Richard Glaser, Fannin County Dist. Atty., Bonham, for appellee.

Before MORRISS, C.J., CARTER and CORNELIUS,* JJ.

## OPINION

Opinion by Justice CORNELIUS.

Andrew Tyrone McCarty was tried in 2000 on two counts of indecency with a five-year-old female. A mistrial was declared. In 2006, McCarty was tried again on the two counts of indecency with a child, and also on two additional indictments for aggravated sexual assault of a child by penetration. At the second trial, the complainant testified that she remembered nothing about the charged offenses. Her testimony from the previous trial was then read into evidence. The jury found McCarty guilty on both counts of indecency with a child. The jury was unable to reach a verdict on one of the aggravated sexual assault charges, and found McCarty not guilty on the other aggravated sexual assault charge. The jury assessed McCarty's punishment at ten years' confinement and a $1,000.00 fine on each of the indecency with a child convictions.

On appeal, McCarty does not challenge the sufficiency of the evidence to support the verdicts, but raises three issues claim-

---

* William J. Cornelius, Chief Justice, Retired, Sitting by Assignment

ing trial court error. For the reasons set out hereafter, we affirm the judgment of the trial court.

■ In his first issue, McCarty contends the trial court erred in admitting, over McCarty's hearsay objection, testimony from the complainant's grandmother relating a statement the complainant made about McCarty and the complainant's uncle, "Colt," "tickling" her. The trial court admitted evidence of the complainant's statement under the excited-utterance exception to the hearsay rule. *See* TEX.R. EVID. 803(2).

The grandmother testified that the complainant, when Colt tickled her, began to cry and said, "Don't do that. I don't like being touched by boys and men no more. Andrew pulled up my blouse and was tickling my ribs and touched me." McCarty contends the statement by the complainant does not qualify as an excited utterance under the Texas Rules of Evidence. We disagree.

■ To be admissible as an excited utterance under Rule 803(2), the statement must be the product of an event or condition startling enough to produce a state of nervous excitement in the declarant sufficient to render the utterance spontaneous and unreflecting; the declarant must have been dominated by the emotion, excitement, fear, or pain of the startling event; and the statement must relate to the startling event. *Sellers v. State,* 588 S.W.2d 915, 918–19 (Tex.Crim.App.1979). McCarty contends that the event producing the excited utterance must be the crime for which the defendant is being tried. We disagree. The startling event that triggers an excited utterance need not necessarily be the crime itself. *Id.* at 918; *Tezeno v. State,* 484 S.W.2d 374 (Tex.Crim. App.1972); *Bondurant v. State,* 956 S.W.2d 762, 765 (Tex.App.-Fort Worth 1997, pet. ref'd); *Hunt v. State,* 904

S.W.2d 813, 816 (Tex.App.-Fort Worth 1995, pet. ref'd). Whether the statement relates to the crime on trial is a question of relevance, not hearsay. In this case, the complainant's statement was relevant because it referred to the offense of which McCarty was accused, as well as to another event. The temporal proximity of the statement must be to the event that prompted the spontaneous utterance, not necessarily to the offense being tried.

Here, the complainant's statement met all the requirements of Rule 803(2). The grandmother testified the complainant was crying when she made the statement, and she was upset, frightened, and scared. She further testified that the statement was made by the complainant "during" and "immediately" after the event. And the statement related to the startling event. The trial court correctly admitted the complainant's statement as an excited utterance under the Rules of Evidence.

■ McCarty also contends that the admission of the complainant's statement as related by the grandmother violated the Confrontation Clause of the United States Constitution, Amendment VI. A testimonial statement of a witness who is unavailable to testify is inadmissible if the defendant lacked a prior opportunity for cross-examination. *Crawford v. Washington,* 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004); *Wall v. State,* 184 S.W.3d 730, 735 (Tex.Crim.App.2006); *Walter v. State,* 209 S.W.3d 722, 727 (Tex.App.-Texarkana 2006, pet. granted); *Moore v. State,* 169 S.W.3d 467 (Tex.App.-Texarkana 2005, pet. ref'd). The threshold question is whether the statement is testimonial. *Woods v. State,* 152 S.W.3d 105, 113 (Tex.Crim.App. 2004). The fact that the statement qualifies as an excited utterance under the hearsay exceptions does not necessarily free it from the strictures of the Confron-

tation Clause. Rather, the event that gives rise to an excited utterance informs the Confrontation Clause analysis and sheds light on the inquiry as to the testimonial nature of the statement. *Wall*, 184 S.W.3d at 740. Classic examples of statements that are testimonial are: (1) ex parte in-court testimony or its functional equivalent; (2) extra-judicial statements contained in formalized testimonial materials; and (3) statements made under circumstances that would lead an objective witness reasonably to believe that the statement would be available for use at a later trial.

The complainant's statement made to her grandmother was not testimonial. These facts and circumstances demonstrate the statement's nontestimonial character: the declaration was not made in any formal setting or structured environment; it was not made to an officer or in connection with any kind of investigation; it was made at a time when McCarty was not under suspicion; it was not made in response to any question; it was made during or immediately after the event that produced it; it was a spontaneous excited utterance made while the complainant was in the grip of fear and without time for reflection; it was more in the nature of a cry for help than testimony; and the tender age and excited state of the complainant weigh against the statement being testimonial.

Because the complainant's statement was not testimonial, it is not necessary for us to decide if the complainant was "unavailable" to testify because of her mental state. The trial court did not abuse its discretion in allowing the statement in evidence. *Neal v. State*, 186 S.W.3d 690 (Tex.App.-Dallas 2006, no pet.).

 McCarty's last issue complains because the trial court failed to instruct the jury on his eligibility for community supervision. A defendant is eligible for community supervision only if he files a sworn motion for community supervision and proves that he has never before been convicted of a felony. TEX.CODE CRIM. PROC. ANN. art. 42.12, § 4(e) (Vernon 2006); *Tenery v. State*, 680 S.W.2d 629 (Tex.App.-Corpus Christi 1984, pet. ref'd). In this case, both the defense counsel and the trial court made references to a motion for community supervision apparently made at the previous trial that ended in a mistrial. However, the record does not contain any motion for community supervision. A defendant has the burden to present a record on appeal that shows he is entitled to relief. *Walker v. State*, 440 S.W.2d 653, 659 (Tex.Crim.App.1969). If he fails to do so, he cannot prevail. Moreover, in this case, McCarty failed to submit evidence that he had never been convicted of a felony. The only evidence on that point in the record is McCarty's own testimony at the previous trial, a transcript of which was introduced in evidence in this trial. In that testimony, McCarty testified he had never been convicted of a felony in this or in any other state. However, as noted by the trial court, McCarty's testimony to that effect was given in 2000, whereas this trial was conducted in the year 2006. Thus, McCarty's testimony covered only the time up to 2000. There is no evidence whether he was convicted of any felony between the years 2000 and 2006.

McCarty argues we must take his testimony in the previous trial literally—that he has never been convicted of a felony, but neither the trial court nor this Court is required to take testimony out of context. *Godsey v. State*, 719 S.W.2d 578, 584 (Tex. Crim.App.1986). The trial court gave McCarty an opportunity to prove at this trial by his own testimony or other evidence that he had no felony convictions

between 2000 and 2006, but he refused. In these circumstances, the trial court did not abuse its discretion in refusing to give the jury an instruction on McCarty's eligibility for community supervision.

For all the reasons discussed, we affirm the judgment of the trial court.