IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-1139-07






ANDREW TYRONE McCARTY, Appellant



v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


IN CAUSE NO. 06-06-00167-CR FROM THE SIXTH COURT OF APPEALS


FANNIN COUNTY






Holcomb, J., delivered the opinion for a unanimous Court.


O P I N I O N 

 In this case, we must determine whether, under Texas Rule of Evidence 803(2), the event
about which an excited utterance is made has to be the same event that caused the declarant's
excitement. We hold that it does not and affirm the judgment of the court of appeals.

Background

 Appellant Andrew Tyrone McCarty was tried in 2000 on two counts of indecency with his
five-year-old step-daughter, (1) but a mistrial was declared. In 2006, appellant was tried again on the
same two counts of indecency with a child and also on two additional indictments for aggravated
sexual assault of the child by penetration. (2) The record shows that, at the second trial, the
complainant testified that she remembered nothing about the charged offenses. Her testimony from
the previous trial was then read into evidence. The State also presented the testimony of several
other witnesses, including two outcry witnesses and the complainant's grandmother, Debra Bassett
Tune. During the course of her testimony, Tune related an incident, including out-of-court
statements by the complainant, when Tune's young son ("Uncle Colt") attempted to tickle the
complainant. (3) Appellant objected to the complainant's statements as being hearsay, but the trial
court admitted the evidence under the excited-utterance exception to the hearsay rule. See Tex. R.
Evid. 803(2). The jury found appellant guilty on both counts of indecency with a child. The jury
was unable to reach a verdict on one of the aggravated sexual assault charges, and found appellant
not guilty on the other aggravated sexual assault charge. The jury assessed appellant's punishment
at ten years' imprisonment and a $1,000 fine on each indecency with a child conviction.

 On appeal, appellant raised three issues, only one of which is relevant to our present review. 
Appellant contended that the trial court erred in admitting Tune's testimony regarding the
complainant's out-of-court statements when the uncle tickled her, arguing that those statements did
not qualify as excited utterance under the Texas Rules of Evidence. The court of appeals disagreed,
McCarty v. State, 227 S.W.3d 415, 417 (Tex. App.-- Texarkana 2007), and, overruling all of
appellant's issues, affirmed the judgment of the trial court. Id. at 419. We granted appellant's
petition to review the court of appeals' holding solely on the excited-utterance issue.

Discussion

 We review a trial court's decision to admit evidence over objection under an abuse-of-discretion standard and will not reverse that decision absent a clear abuse of discretion. Zuliani v.
State, 97 S.W.3d 589, 595 (Tex. Crim. App. 2003). The trial court abuses its discretion when the
decision lies outside the zone of reasonable disagreement. Cantu v. State, 842 S.W.2d 667, 682
(Tex. Crim. App. 1992). Hearsay statements are not admissible unless they fall within a recognized
exception to the hearsay rule. Tex. R. Evid. 802. The excited-utterance exception, at issue in the
case before us, is one of the recognized exceptions to the hearsay rule and applies to "[a] statement
relating to a startling event or condition made while the declarant was under the stress of excitement
caused by the event or condition." Tex. R. Evid. 803(2) (emphasis added).

 Appellant in the present case argues that "the event producing the excited utterance must be
the event about which the utterance is made." In other words, he contends that the complainant's
statements would have been admissible only if they were about the uncle's tickling itself, the event
which had produced the complainant's "excited utterance."

 We disagree. The problem with appellant's position is that he is equating the relatively strict
requirements of Rule 803(1), the present-sense-impression exception to the hearsay rule, with the
relatively more liberal requirements of Rule 803(2), the excited-utterance exception. A "present
sense impression" is "[a] statement describing or explaining an event or condition made while the
declarant was perceiving the event or condition, or immediately thereafter." Tex. R. Evid. 803(1)
(emphasis added). Thus, this is the exception under which the State, in this case, might have been
required to show that the statement was directly related to the uncle's tickling in order for the
statement to be admissible. But the State did not invoke this particular exception, asserting instead
that the statement was an "excited utterance," which is "[a] statement relating to a startling event
or condition made while the declarant was under the stress of excitement caused by the event or
condition." Tex. R. Evid. 803(2) (emphasis added). Authors on the subject agree that the excited-utterance exception is broader than the present-sense-impression exception; (4) and that, under the
excited-utterance exception, the startling event may trigger a spontaneous statement that relates to
a much earlier incident. The record in the present case shows that appellant had started off by
merely tickling the child, but went much further. Thus, the complainant's statement about
appellant's tickling (the "earlier incident," id. at 844) "related to" the uncle's tickling (the startling
event), and we see no abuse of discretion in the trial court's decision to admit the statement under
the Rule 803(2) excited-utterance exception to the hearsay rule. (5)

 Appellant also argues that the court of appeals erred in relying on Tezeno v. State, 484
S.W.2d 374 (Tex. Crim. App. 1972), and Sellers v. State, 588 S.W.2d 915 (Tex. Crim. App. 1979),
because those were "pre-rule cases" involving "discussions of the 'spontaneous utterance' rule,
which, although similar, is not the same as the 'excited utterance' involved in Rule 803(2) of today's
Texas Rules of Evidence." Appellant asserts that the "spontaneous utterance" rule is "obsolete,"
and claims that it was "repudiated by adoption of the new [rule] and the language of [the
"spontaneous utterance"] rule has been streamlined and brought into focus in the almost twenty years
since it was replaced by current Rule 803(2)."

 We note that appellant cites no authority for the above assertions. Rather, he structures his
argument as follows. He first quotes the following language used in Tezeno and Sellers to define
the "spontaneous utterance" exception as one allowing the admission of a statement if:


 the statement is the product of an occurrence startling enough to produce a
state of nervous excitement which would render the utterance spontaneous
and unreflecting,

 the utterance is made before there is time to contrive and misrepresent, that
is, the state of excitement produced by the startling event must still dominate
the reflective powers of the mind,

 the utterance must relate to the circumstances of the occurrence preceding it.


Tezeno, 484 S.W.2d at 378; Sellers, 588 S.W.2d at 918. He then quotes Rule 803(2), which defines
an "excited utterance" as a "statement relating to a startling event or condition made while the
declarant was under the stress of excitement caused by the event or condition." Tex. R. Evid.
803(2). Comparing the above-quoted language from Tezeno and Sellers with that of Rule 803(2),
appellant concludes that "[i]t is clear that the 'spontaneous utterance' exception is not the same as
the 'excited-utterance' exception of Rule 803(2)."

 We disagree. The problem with appellant's reasoning is that he is comparing the succinct
definition of the Rule 803(2) exception with the Court's comprehensive test of what was once called
the "spontaneous utterance" exception. An examination of the literature on the excited-utterance
exception, however, reveals the striking similarity (perhaps even a virtual identity, for purposes of
the present case) between the two exceptions. Indeed, scholars writing about the excited-utterance
exception often use the terms "spontaneous" and "excited" interchangeably. See, e.g., 2 Steven
Goode ET AL., supra note 4, § 803.3, at 185 ("Texas courts have always recognized the hearsay
exception for excited utterances or spontaneous declarations") (emphasis added). More importantly,
in explaining the requirements of the excited-utterance exception, (6) scholars identify the same
concerns articulated by this Court in Tezeno and Sellers, as shown in appellant's own above-quoted
excerpt, for the "spontaneous utterance" exception. Thus, our concerns in applying the excited-utterance exception continue to be the same as those we had in applying the spontaneous-utterance
exception: that (1) the "exciting event" should be startling enough to evoke a truly spontaneous
reaction from the declarant; (2) the reaction to the startling event should be quick enough to avoid
the possibility of fabrication; and (3) the resulting statement should be sufficiently "related to" the
startling event, to ensure the reliability and trustworthiness of that statement. Compare supra note
6 with appellant's above-quoted excerpt from Tezeno and Sellers defining the "spontaneous
utterance" exception.

 Appellant also argues that our decision in Apolinar v. State, 155 S.W.3d 184 (Tex. Crim.
App. 2005), supports his position that "the event producing the excited utterance must be the event
about which the utterance is made." (Emphasis added.) He reasons as follows:

 The fact that the Apolinar Court did not utilize or rely upon Sellers, Tezeno, [Hunt
v. State, 904 S.W.2d 813 (Tex. App.-- Fort Worth 1995, pet. ref'd)] and [Bondurant
v. State, 956 S.W.2d 762 (Tex. App.-- Fort Worth 1997, pet. ref'd)], makes it clear
that the rule of Tezeno, as interpreted by Sellers, Hunt, Bondurant, and the Court of
Appeals in this case, has been repudiated . . . [and the] fact that the Apolinar Court
adopted an interpretation of Rule 803(2) which demonstrates that the event giving
rise to the excited utterance must be the event about which the excited utterance
speaks, demonstrates that the interpretation of Sellers, Tezeno, Hunt and Bondurant
by the Court of Appeals in McCarty is faulty, to say the least.

(Emphasis in original.)

 We disagree. First, the fact that this Court does not "utilize or rely upon" a case in deciding
an apparently related case, does not mean that we have "repudiated" the case not mentioned. 
Moreover, we would not overrule a whole line of cases, especially one dealing with a concept so well
established in both Texas and Federal law as the excited/spontaneous-utterance exception, without
even mentioning it. Thus, one may continue to rely on Tezeno, Sellers, Hunt, and Bondurant
concerning the treatment of the present excited-utterance exception.

 Second, there is nothing in Apolinar, and appellant himself fails to cite to anything in that
opinion, to support his claim that "the event producing the excited utterance must be the event about
which the utterance is made." (Emphasis added.) In Apolinar, one Pelagio Jimenez was attacked
and robbed. He spoke about the incident, but the police could not understand him because he spoke
a particular dialect of Filipino and a small amount of Spanish, but could not understand or speak
English. 155 S.W.3d at 185. He was taken to the hospital where he remained "heavily medicated,
unconscious, or incoherent," id., for four days before he could speak with his daughter and tell her
what had happened to him. The main issue presented to us in that case was to determine whether
the statement still qualified as an excited utterance in spite of the rather great length of time between
the startling event (attack and robbery) and the statement (recounting the event to his daughter). (7) 
Thus, we did not even address the issue that appellant in the present case claims that we decided (that
"the event producing the excited utterance must be the event about which the utterance is made" 
(emphasis added)) because, in Apolinar, the statement in question was about the startling event itself.

Conclusion

 In light of our foregoing discussion, we hold that the trial court had correctly admitted the
complainant's statement as an excited utterance under Texas Rule of Evidence 803(2). We,
therefore, affirm the judgment of the court of appeals.

DELIVERED: JUNE 25, 2008.

PUBLISH
1. See Tex. Pen. Code § 21.11(a).
2. Tex. Pen. Code § 22.021(a)(1)(B).
3. For example, Tune testified that the complainant, upon being tickled by her "Uncle
Colt," began to cry and said, "Don't do that. I don't like being touched by boys and men no
more. Andrew [appellant] pulled up my blouse and was tickling my ribs and touched me." Tune
also testified that the complainant stated, "Uncle Colt, don't -- I don't like that no more . . .
Andrew tickled me and hurt me. Started tickling me and hurt me."
4. See, e.g., 2 Steven Goode ET AL., Guide to the Texas Rules of Evidence § 803.3,
at 188 (3d ed. 2002) ("The subject matter requirement of Rule 803(2) is significantly more liberal
than that of Rule 803(1). Rule 803(1) is limited to statements 'describing or explaining an event
or condition'; Rule 803(2) embraces statements 'relating to a startling event or condition.'").
5. We note that the Texas Rules of Evidence 803(1) and (2) literally track the Federal Rules
of Evidence 803(1) and (2), respectively. We, therefore, find a study of those federal rules
helpful. Our research indicates that we would have achieved the same result under those rules
that we achieved under our rules, thus lending further support to our disposition of the issue
before us. See, e.g., Fed. R. Evid. 803 advisory committee's note ("Exceptions (1) and (2)"),
explaining that the


 [p]ermissible subject matter of the statement is limited under Exception (1) [the
present-sense-impression exception] to description or explanation of the event or
condition, the assumption being that spontaneity, in the absence of a startling event,
may extend no farther. In Exception (2) [the excited-utterance exception], however,
the statement need only "relate" to the startling event or condition, thus affording a
broader scope of subject matter coverage.


(Alteration in original.) See also Kenneth S. Broun, McCormick on Evidence §272, at 260-61 (6th ed. 2006):


 Federal Rule 803(2) and other modern formulations of the exception require a
connection between the event and the content of the statement, but define that
connection broadly as "relating to" the event. This terminology is intended to extend
beyond merely a description or an explanation of the event. The courts have been
quite liberal in applying this requirement. The formulation used by Rule 803(2) has
the advantage of simplicity while at the same time preserving the trustworthiness
gained by requiring a relationship between the exciting event or condition and the
resulting statement. It also permits clarification of the difference in theory between
excited utterances and statements of present sense impressions.


(Emphasis added) (citations omitted).
6. See, e.g., Kenneth S. Broun, supra note 5, § 272, at 255:


 Formulations of the exception differ, but all agree on two basic requirements. First,
there must be an occurrence or event sufficiently startling to render inoperative the
normal reflective thought processes of the observer. Second, the statement of the
declarant must have been a spontaneous reaction to the occurrence or event and not
the result of reflective thought. These two elements, which define the essence of the
exception, together with a third requirement that the statement "relate to" the event,
determine admissibility.
7. Id. at 186 ("We granted review to determine whether the Court of Appeals erred in
holding that a hearsay statement made four days after a startling event could be admitted as an
excited utterance.")