

# IN THE
# TENTH COURT OF APPEALS

### No. 10-08-00273-CR

**EDDIE FOSTER,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

### From the 54th District Court
### McLennan County, Texas
### Trial Court No. 2007-1609-C-2

## MEMORANDUM OPINION

A jury found Eddie Foster guilty of felony possession of a controlled substance, and he was sentenced two years in state jail. Foster made a written pro se request that the trial court release him on bond while his appeal was pending, and the trial court denied the request. Foster appeals, asserting that the trial court erred in denying his request.

The trial court may deny an appeal bond if there is good cause to do so. TEX. CODE CRIM. PROC. ANN. art. 44.04(c) (Vernon 2006). We review a trial court's decision to

deny a person a bond pending appeal for abuse of discretion. *Ex parte Spaulding,* 612 S.W.2d 509, 511 (Tex. Crim. App. 1981).

"It is generally presumed on appeal that the court ruled correctly and that the appellant must show error." *Hall v. State,* 829 S.W.2d 407, 410-11 (Tex. App.—Waco 1992, no pet.) (citing *Hardin v. State,* 471 S.W.2d 60, 63 (Tex. Crim. App. 1971)). "It is appellant's burden to not only preserve the alleged error for review, but to present a record of the alleged error sufficient for us to review it and determine if it was error and if so whether the defendant was harmed." *Montoya v. State,* 43 S.W.3d 568, 572 (Tex. App.—Waco 2001, no pet.); *see also Word v. State,* 206 S.W.3d 646, 651-52 (Tex. Crim. App. 2006) ("It is usually the appealing party's burden to present a record showing properly preserved, reversible error."); *McCarty v. State,* 227 S.W.3d 415, 418 (Tex. App.—Texarkana 2007) ("A defendant has the burden to present a record on appeal that shows he is entitled to relief. *Walker v. State,* 440 S.W.2d 653, 659 (Tex. Crim. App. 1969). If he fails to do so, he cannot prevail."), *aff'd,* 257 S.W.3d 238 (Tex. Crim. App. 2008).

Foster had the burden of presenting evidence to the trial court to be able to show on appeal that the trial court abused its discretion. *Cf. Enriquez v. State,* 641 S.W.2d 292, 295 (Tex. App.—Corpus Christi 1982, no pet.). No hearing was held on Foster's request, and he presented no documentary evidence to the trial court with his request. Because there is no record on which we can determine whether the trial court abused its discretion, Foster cannot show error. And while Foster's appellate brief (which is set out in his notice of appeal and which we treat with liberality and patience) does discuss

the factors for setting a bond and facts pertaining to Foster, those facts are not in a record and were not presented to the trial court. The trial court thus could not have abused its discretion in denying Foster's request for a bond pending appeal.

We overrule Foster's complaint that the trial court erred in denying his request that the trial court release him on bond while his appeal was pending. We affirm the trial court's order denying Foster's request.


BILL VANCE
Justice

Before Chief Justice Gray,
    Justice Vance, and
    Justice Reyna
Affirmed
Opinion delivered and filed December 17, 2008
Do not publish
[CR25]