AFFIRM; Opinion Filed October 5, 2012.



In The

# Court of Appeals
## Fifth District of Texas at Dallas

No. 05-11-00977-CR

**ADRIAN BENITEZ HERRERA, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

On Appeal from the 194th Judicial District Court
Dallas County, Texas
Trial Court Cause No. F10-60553-M

# MEMORANDUM OPINION

Before Justices Moseley, Fillmore, and Myers
Opinion By Justice Myers

Appellant Adrian Benitez Herrera was convicted of sexual assault and sentenced to seven years in prison. In two points of error, he argues the trial court erred by admitting hearsay evidence and that hearsay testimony by a police officer violated appellant's rights under the Sixth Amendment and the Texas Constitution. We affirm.

## DISCUSSION

### *Hearsay*

In his first point of error, appellant contends the trial court erred by admitting hearsay testimony from Laura Sanchez, a friend of complainant Beatriz Rodriguez, that described statements

made to her by the complainant. The State argues the testimony in question was properly admitted under the excited utterance exception to the hearsay rule. We agree.

According to the record, the complainant testified that she and appellant met at a gas station where she worked as a cashier, and dated for several months. Appellant did not tell the complainant he was married. On the night of September 12, 2010, at approximately 10:40 p.m., appellant called the complainant and asked her to meet him at a nearby park. The complainant testified that she met appellant at the park, where he forcibly removed her pants, underwear, and sexually assaulted her. After the assault, the complainant got in her car and drove home. Along the way, she called Sanchez with her cellular telephone several times, but Sanchez did not answer.

Sanchez testified that the telephone calls from the complainant occurred between approximately 12:49 and 12:51 a.m. on the morning of September 13, 2010. Sanchez testified that she missed two telephone calls from the complainant because she was asleep, then called her back. When Sanchez spoke to the complainant, Sanchez testified that the complainant "was very upset, she was crying and she couldn't talk, she couldn't tell me everything that had happened to her." Sanchez added that, over the course of their conversation, the complainant "calmed down a little bit." The complainant told Sanchez that she and appellant "had struggled," and that appellant physically and sexually abused her. Defense counsel made a running objection to Sanchez's testimony based on hearsay. The trial court overruled the objection.

When reviewing a trial court's ruling on the admission of evidence, an appellate court applies an abuse of discretion standard of review. *Casey v. State*, 215 S.W.3d 870, 879 (Tex. Crim. App. 2007). A trial court abuses its discretion when its decision lies outside the zone of reasonable disagreement. *Id.*

Hearsay is a statement, other than one made by the declarant testifying at trial or hearing,

offered in evidence to prove the matter asserted. TEX. R. EVID. 801(d). For hearsay to be admissible, it must fit into an exception provided by a statute or the rules of evidence. TEX. R. EVID. 802.

Excited utterances are an exception to the hearsay rule. An excited utterance is "[a] statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition." TEX. R. EVID. 803(2). The exception is founded on the belief that statements made as a result of a startling event or condition are involuntary and do not allow the declarant an adequate opportunity to fabricate, thereby ensuring enough trustworthiness to fall outside the hearsay exception. *Hunt v. State*, 904 S.W.2d 813, 816-17 (Tex. App.—Fort Worth 1995, pet. ref'd).

To determine whether a statement is an excited utterance, trial courts should determine "whether the declarant was still dominated by the emotions, excitement, fear, or pain of the event or condition" when the statement was made. *Apolinar v. State*, 155 S.W.3d 184, 187 (Tex. Crim. App. 2005) (citing *Zuliani v. State*, 97 S.W.3d 589, 596 (Tex. Crim. App. 2003)). Factors that a court may consider include the length of time between the occurrence and the statement, the nature of the declarant, whether the statement is made in response to a question, and whether the statement is self-serving. *Id.* The critical determination is "whether the declarant was still dominated by the emotions, excitement, fear, or pain of the event" or condition at the time of the statement. *Zuliani*, 97 S.W.3d at 595.

In this case, the record reasonably shows the statement in question was made by the complainant shortly after she had been sexually assaulted, and that she was still dominated by the emotions, fear, and/or pain of the sexual assault when she spoke to Sanchez. As a result, we cannot say the trial court abused its discretion by overruling appellant's hearsay objection. We overrule

appellant's first point of error.

## *Confrontation Clause*

In his second point of error, appellant argues the trial court erred by permitting a Dallas Police Department crime scene detective, Steve Hough, to testify regarding a statement made to him by the complainant that she had been sexually assaulted by appellant. The relevant portion of the record reads as follows:

Q. [PROSECUTOR:] And what happened when you got there?

A. [HOUGH:] When I arrived, I made contact with the officers that were on the scene. The officers told me that a young lady stated she had been sexually assaulted there in the playground there in the park.

Q. And so what did you do, what did you do next?

A. Well, I—the young lady was there. I asked her what happened and she pretty much told me what happened, that she was assaulted over there.

[DEFENSE COUNSEL]: Object to hearsay, I didn't think we were going into this.

Q. [PROSECUTOR:] Without saying exactly what was said, did she relate to you what had happened to her?

A. Yes, she did.

Appellant argues Hough's testimony was admitted in violation of the Sixth Amendment right of confrontation and the Texas Constitution, and that he was harmed by the error. The State responds that error, if any, was not preserved; *Crawford* does not apply; and, alternatively, the error is harmless.

Assuming without deciding that appellant preserved error, his argument fails because there was no violation of the Confrontation Clause. The holding of *Crawford v. Washington*, 541 U.S. 36 (2004), applies only when the extrajudicial testimonial statements of a witness who does not testify at trial are sought to be admitted. *See id.* at 59. When, as in the present case, the declarant

appears for cross-examination at trial, the Confrontation Clause does not restrain the use of prior testimonial statements. *See id.* at n.9; *Crawford v. State*, 139 S.W.3d 462, 465 (Tex. App.—Dallas 2004, pet. ref'd); *Eustis v. State*, 191 S.W.3d 879, 886 (Tex. App.—Houston [14th Dist.] 2006, pet. ref'd); *Hanson v. State*, 180 S.W.3d 726, 731 (Tex. App.—Waco 2005, no pet.). The Confrontation Clause, in other words, does not bar admission of a statement provided "the declarant is present at trial to defend or explain it." *Eustis*, 191 S.W.3d at 886. Unlike the declarant in *Crawford*, the declarant in this case, Beatriz, appeared, testified, and was subject to cross-examination by defense counsel. Therefore, *Crawford* does not apply and the trial court did not violate appellant's rights under the Confrontation Clause by admitting the complained-of statement.[1] We overrule appellant's second point.

We affirm the trial court's judgment.

_____
LANA MYERS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
110977F.U05

---

[1] Appellant claims violations of both the United States and Texas Constitutions, but he makes no separate substantive arguments relating to the Texas Constitution. When, as in this case, an appellant provides no explanation for construing the Texas Constitution as conferring greater protection in an area of law than the United States Constitution, the state constitutional claims are waived. *See Muniz v. State*, 851 S.W.2d 238, 251-52 (Tex. Crim. App. 1993) (failing to provide rationale for interpreting state constitution more broadly than federal constitution will forfeit error on state ground).



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ADRIAN BENITEZ HERRERA, Appellant

No. 05-11-00977-CR          V.

THE STATE OF TEXAS, Appellee

Appeal from the 194th Judicial District
Court of Dallas County, Texas. (Tr.Ct.No.
F10-60553-M).
Opinion delivered by Justice Myers, Justices
Moseley and Fillmore participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered October 5, 2012.

_____
LANA MYERS
JUSTICE