COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                    NOS. 2-05-240-CR

                                           2-05-241-CR

                                           2-05-242-CR

 

 

KEVIN MICHAEL NEILL                                                         APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM
CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------








Appellant Kevin Michael Neill
appeals his conviction by the jury for aggravated sexual assault of a child and
three convictions by the jury for indecency with a child.  The jury assessed Appellant=s punishment at forty years= confinement for the aggravated sexual assault of a child,[2]
fifteen years= confinement
for each of two of the indecency with a child cases,[3]
and twenty years= confinement
for the third indecency with a child case.[4]  The trial court sentenced him accordingly,
with the sentences to run concurrently. 
In two issues, Appellant asserts that the trial court erred by allowing
prejudicial hearsay testimony under the excited utterance exception to the
prohibition against hearsay and by denying his motion for mistrial following
the introduction of irrelevant and prejudicial testimony.  We affirm.

Because Appellant does not
challenge the legal and factual sufficiency of the evidence, only a short
rendition of the facts is necessary.  The
evidence presented at trial demonstrated that Appellant had sexually assaulted
two of his stepdaughters, C.C. and S.S., as well as C.C.=s childhood friend, D.L.  The
offenses occurred on separate dates over the course of several years.  Each of the complainants testified against
Appellant at trial.

 

 








HEARSAY

In his first issue, Appellant
contends that the trial court erred in allowing prejudicial hearsay testimony
as an excited utterance.  The trial court
permitted C.C.=s middle
school counselor, Joan Patrick, to testify over Appellant=s hearsay objection regarding statements that C.C. made about her abuse
allegations.[5]  On November 10, 2003, fourteen-year-old C.C.
arrived at school late, unwilling to go to class, and crying.  In response to Patrick=s questions, C.C. informed Patrick that she had been molested by her
stepfather, Appellant, until she was eleven years old.  C.C. returned to Patrick=s office several times during the school year.  Patrick recalled that one time in particular,
C.C. stated that Appellant had called her house, and C.C. was upset because she
had answered the phone.








We review a trial court=s determination of whether evidence is admissible under the excited
utterance exception for an abuse of discretion. 
Wall v. State, 184 S.W.3d 730, 743 (Tex. Crim. App. 2006).  A trial court does not abuse its discretion,
and we will not reverse a trial court=s ruling, unless the ruling falls outside the zone of reasonable
disagreement.  Montgomery v. State,
810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (op. on reh=g).

Hearsay is a statement, other
than one made by the declarant while testifying at a trial or hearing, offered
in evidence to prove the truth of the matter asserted. Tex. R. Evid. 801(d). 
For hearsay to be admissible, it must fit into an exception provided by
a statute or the rules of evidence.  Tex. R. Evid. 802.  One such exception is Rule 803(2), the
excited utterance exception.  An excited
utterance is a statement relating to a startling event or condition made while
the declarant was under the stress of excitement caused by the event or
condition.  Tex. R. Evid. 803(2). 
The exception is based on the assumption that the declarant is not, at
the time of the statement, capable of the kind of reflection that would enable
the declarant to fabricate information.  Apolinar
v. State, 155 S.W.3d 184, 186 (Tex. Crim. App. 2005).








     In
determining whether a hearsay statement is admissible as an excited utterance,
the court may consider the time elapsed and whether the statement was in
response to a question.  Zuliani v.
State, 97 S.W.3d 589, 595-96 (Tex. Crim. App. 2003).  However, it is not dispositive that the
statement is an answer to a question or that it was separated by a period of time
from the startling event; these are simply factors to consider in determining
whether the statement is admissible under the excited utterance hearsay
exception.  Id. at 596.  The critical determination is Awhether the declarant was still dominated by the emotions, excitement,
fear, or pain of the event@ or condition at the time of the statement.  Id.








The State asserts that,
although C.C.=s statements
that Appellant sexually abused her were made approximately three years
following the abuse, the statements nonetheless qualify as excited utterances
under this court=s holding in
Hunt v. State, 904 S.W.2d 813, 816 (Tex. App.CFort Worth 1995, pet. ref=d), because the startling event that triggers a spontaneous utterance
does not necessarily have to be the crime itself.  In Hunt, an eleven‑year‑old
girl was sexually assaulted by her father=s friend.  Id. at 815.
 Three months later, she saw a
television show about a young rape victim who had been stabbed by her attacker.  Id. 
The girl began to cry uncontrollably. 
Id.  When her mother
questioned why she was crying, the girl told her mother about the sexual
assault.  Id.  At trial, the complainant testified that after
seeing the news program, she had become fearful that she might be
pregnant.  Id. at 816.  The complainant=s mother was also permitted to testify, over objection, to the
contents of the conversation.  Id.
at 815.  The court held that the
shock of seeing the television news program triggered the complainant=s out‑of‑court statements, and her fear of pregnancy was
startling enough to produce a state of nervous excitement so as to render her
subsequent remarks spontaneous.  Id. at
816‑17.

Although similarities exist
between Hunt and the present case, we find Hunt to be
distinguishable.  In the present case,
almost three years had elapsed between the sexual abuse and the first statement
that C.C. had made to Patrick, as opposed to the three-month time delay in Hunt.  See id. at 815.  The complainant in Hunt was eleven
years old, id., while C.C. was fourteen at the time she made the
statements to Patrick.  Furthermore, in Hunt,
the startling event occurred just before the complainant informed her mother of
the assault.  See id.  Here, Patrick described Aone particular time@ that C.C. had come to her office upset because she had answered the
phone when Appellant called; however, Patrick did not testify as to when this
phone call had taken place or how much time had elapsed between the phone call
and the office visit.








The particularities of a
startling event at or near the time that C.C. first described her abuse to
Patrick are not present in the record. 
The record reflects that C.C.=s statement regarding the name of the abuser was made in response to
Patrick=s question, several years following the sexual abuse.  Nothing in the record indicates that C.C.
made the statement while she was still dominated by the emotions, excitement,
fear, or pain of the event or condition at the time she made the
statement.  Accordingly, we hold that the
trial court abused its discretion in permitting Patrick to testify concerning
these statements.  See  Zuliani, 97 S.W.3d at 596.

Having found error, we must
conduct a harm analysis to determine whether the error calls for reversal of
the judgment.  Tex. R. App. P. 44.2. 
If the error is constitutional, we apply rule 44.2(a) and reverse unless
we determine beyond a reasonable doubt that the error did not contribute to
appellant=s conviction
or punishment.  Tex. R. App. P. 44.2(a). 
Otherwise, we apply rule 44.2(b) and disregard the error if it did not
affect Appellant=s substantial
rights.  See Tex. R. App. P. 44.2(b); Mosley v.
State, 983 S.W.2d 249, 259 (Tex. Crim. App. 1998) (op. on reh=g), cert. denied, 526 U.S. 1070 (1999); Coggeshall v. State,
961 S.W.2d 639, 642-43 (Tex. App.CFort Worth 1998, pet. ref=d).








The admission of otherwise
inadmissible hearsay is a nonconstitutional error.  Moon v. State, 44 S.W.3d 589, 594-95
(Tex. App.CFort Worth
2001, pet. ref=d).  Because we determine that the error is not
constitutional, rule 44.2(b) is applicable. 
Tex. R. App. P.
44.2(b).  A substantial right is affected
when the error had a substantial and injurious effect or influence in
determining the jury=s
verdict.  King v. State, 953
S.W.2d 266, 271 (Tex. Crim. App. 1997) (citing Kotteakos v. United States,
328 U.S. 750, 776, 66 S. Ct. 1239, 1253 (1946)); Coggeshall, 961 S.W.2d
at 643.  In making this determination, we
review the record as a whole.  See
Johnson v. State, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998). 

Patrick did not testify
regarding the specific details of C.C.=s sexual abuse, she only testified to the name of the person who C.C.
said committed the sexual abuse and that C.C. had come to her office upset
several times during the school year. 
C.C. later testified in detail to the specific acts.  We conclude that error in permitting Patrick
to testify about C.C.=s statements
was harmless because C.C. later testified to the same facts.  See Harris v.State, 133 S.W.3d 760,
772-73 (Tex. App.CTexarkana
2004, pet. ref=d); Moon,
44 S.W.3d at 595; see also Brooks v. State, 990 S.W.2d 278, 287 (Tex.
Crim. App.), cert. denied, 528 U.S. 956 (1999) (holding that any error
in admitting evidence was harmless in light of other properly admitted evidence
proving the same fact).  In the context
of the entire case against Appellant, the trial court=s error in erroneously admitting the hearsay statements did not have a
substantial or injurious effect on the jury=s verdict and did not affect Appellant=s substantial rights.  See
King, 953 S.W.2d at 271.  Thus, we
disregard the error.  See Tex. R. App. P. 44.2(b).  Accordingly, we overrule Appellant=s first issue. 

EXTRANEOUS OFFENSES








In his second issue,
Appellant contends that the trial court abused its discretion in denying his
motion for mistrial following the admission of evidence regarding extraneous
acts.  The record reflects that Appellant
filed a request for disclosure of extraneous offenses under code of criminal
procedure article 38.37 and rule of evidence 404.  Tex.
Code Crim. Proc. Ann. art. 38.37 (Vernon Supp. 2006); Tex. R. Evid. 404.  The State has not asserted that it provided
notice to Appellant of its intention to present the evidence, and our review of
the record does not contain anything showing that the State provided such
notice.  Nevertheless, the State contends
this evidence is admissible as same transaction contextual evidence.

Appellant complains about a
specific statement S.S. made while testifying that Appellant would come into
her room and touch her inappropriately during the middle of the night, and that
sometimes she would pretend that she was still asleep when he came in.  S.S. further testified as follows:

Q.  You said earlier that you think sometimes
things happened while you were asleep. 

 

A.  There were a couple of incidents where I woke
up in the middle of the night or it was the next morning, and the crotch of my
underwear were cut.

 

[DEFENSE COUNSEL]:  Your Honor, I=m
going to object to that --

 

THE COURT: 
I=m
sorry?

 








[DEFENSE COUNSEL]:  I=m going to object to that,
Your Honor.  She said she doesn=t
know what happened.  I think we=re
getting into an area that=s
going to be more inflammatory without any specific allegations.

 

THE COURT: 
Let me hear from you.

 

[PROSECUTOR]: 
Well, of course, you don=t know, but she got it out a
little that she=d
wake up, and I can ask her what connection she believes --

 

THE COURT: 
No. I sustain.  She doesn=t
know.

 

Q.  (By [the prosecutor]) Did he ever mess with
your panties while you were awake?  Let
me rephrase that.  Did anybody else
molest you or mess with you. 

 

A.  Never.

 

Q.  Did you - - were your panties discarded?

 

A.  No. 
They would be cut off.

 

[DEFENSE COUNSEL]:  I=m going to have to object -- 

 

THE COURT: 
Wait a minute.  Let me hear the
objection. 

 

[DEFENSE COUNSEL]:  Your Honor, we know some things from the
statement she has no idea how that happened, how the panties would be cut off,
and we=re
being forced to discuss that. 

 

THE COURT: 
Yeah, that=s
sustained. 

 

[DEFENSE COUNSEL]:  I=d ask the jury to be
instructed to disregard that. 

 

THE COURT: 
The jury will disregard that. 

 

[DEFENSE COUNSEL]:  And ask for a mistrial. 

 

THE COURT: 
Denied.








Appellant contends that this
evidence is inadmissible because it contains prejudicial references to
extraneous bad acts that were not linked to him in that it leads to an
inference that he had a weapon, or at least an object sufficiently sharp enough
to cut cloth, in his possession at times when he entered S.S.=s room.  The State asserts that
the evidence was admissible as same transaction contextual evidence.

We review rulings on the
admissibility of evidence under an abuse of discretion standard.  Santellan v. State, 939 S.W.2d 155, 169
(Tex. Crim. App. 1997).  If the court=s decision falls outside the Azone of reasonable disagreement,@ it has abused its discretion.  Rankin
v. State, 974 S.W.2d 707, 718 (Tex. Crim. App. 1996) (op. on reh=g); Montgomery, 810 S.W.2d at 391.








Generally, evidence of other
crimes, wrongs, or bad acts is not admissible during the guilt/innocence phase
of the trial.  Tex. R. Evid. 404(b).  ASame transaction contextual evidence@ may be admissible where several crimes are intermixed, blended with
one another, or connected so that they form an indivisible criminal
transaction.  Wyatt v. State, 23
S.W.3d 18, 25 (Tex. Crim. App. 2000).  An
extraneous offense occurs in the same transaction as another offense and is,
thus, admissible when the offenses are Aso intermixed or connected as to form a single, indivisible criminal
transaction, such that in narrating the one, it is impracticable to avoid
describing the other.@  McDonald v. State, 179 S.W.3d 571, 577
(Tex. Crim. App. 2005) (quoting Rogers v. State, 853 S.W.2d 29, 33-34
(Tex. Crim. App. 1993)); see also King v. State, 189 S.W.3d 347, 354
(Tex. App.CFort Worth
2006, no pet.) (holding that extraneous offense is same transaction contextual
evidence if it is so intertwined with the charged offense that full proof of
either cannot be had without eliciting testimony of the other).  Same transaction contextual evidence is
admissible Aonly to the
extent that it is necessary to the jury=s understanding of the offense,@ that is, Aonly when
the offense would make little or no sense without also bringing in the same
transaction evidence.@  McDonald, 179 S.W.3d at 577 (quoting Wyatt,
23 S.W.3d at 25).

Here, the State attempted to
admit evidence that S.S. had awoken on several occasions to find that the
crotch of her panties was cut.  The
record reflects that these extraneous bad acts could not necessarily be linked
to Appellant because S.S. was asleep when the incidents occurred.  We disagree with the State=s contention that the testimony falls within the category of same
transaction contextual evidence.  The
testimony regarding the sexual assaults could be understood without S.S.=s testimony that she would wake up to find that her panties had been
cut.  See id.








Appellant asserts that the
prejudicial effect of S.S.=s statements was not obviated by the trial court=s instruction to disregard because the harmful testimony had already
been heard by the jury.  We review a
trial court=s decision
to deny a motion for mistrial under an abuse‑of‑discretion standard
of review.  Wead v. State, 129
S.W.3d 126, 129 (Tex. Crim. App. 2004).

An instruction to disregard
attempts to cure any harm or prejudice resulting from events that have already
occurred.  Young v. State, 137
S.W.3d 65, 69 (Tex. Crim. App. 2004). 
Where the prejudice is curable, an instruction eliminates the need for a
mistrial, thereby conserving the resources associated with beginning the trial
process anew.  Id.  Like an instruction to disregard, a mistrial
serves a corrective function.  Id.  However, the class of events that require
a mistrial is smaller than that for which a sustained objection or an
instruction to disregard will suffice to prevent or correct the harm.  Id. 
A grant of a motion for mistrial should be reserved for those cases in
which an objection could not have prevented, and an instruction to disregard
could not cure, the prejudice stemming from an event at trial; for example,
where an instruction would not leave the jury in an acceptable state to
continue the trial.  Id.








When a trial court sustains
an objection and instructs the jury to disregard, we presume the jury complies
with the court=s
instruction.  See Colburn v. State,
966 S.W.2d 511, 520 (Tex. Crim. App. 1998). 
Here, the trial court instructed the jury to disregard the statement,
and we will presume that the jury complied with this instruction.  See id.  Additionally, the record does not reflect
that the parties requested to have the discussion outside the presence of the
jury; therefore, the jury was able to hear Appellant=s argument that the State was unable to link him to the extraneous
offense of cutting S.S.=s
panties.  Accordingly, we hold that the
trial court did not abuse its discretion in denying Appellant=s motion for mistrial.  We
overrule Appellant=s second
issue.

CONCLUSION

Having overruled each of
Appellant=s two
issues, we affirm the trial court=s judgment.

 

 

PER CURIAM

 

PANEL
B:  WILLIAM BRIGHAM (Senior Justice, Retired,
Sitting by Assignment); WALKER and MCCOY, JJ.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  October 5, 2006

 











[1]See Tex. R. App. P. 47.4.





[2]Cause
No. 2-05-241-CR (the victim is D.L.).





[3]Cause
Nos. 2-05-240-CR (the victim is S.S.) and 2-05-241-CR (the victim is D.L.).





[4]Cause
No. 2-05-242-CR (the victim is C.C.).





[5]It is
undisputed that the statements to C.C.=s school counselor do not
qualify as Aoutcry@
statements.  An outcry statement is an
exception to the hearsay rule for the first report of sexual abuse that
the victimized child makes to a person over the age of eighteen.  See
Tex. Code Crim. Proc. Ann. art. 38.072, ' 2(a)
(Vernon 2005).  C.C. had mentioned the abuse to her
mother prior to informing the school counselor; thus, the statements to C.C.=s
school counselor do not qualify as outcry statements.  See id.