GEORGE v. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

                                    
NOS. 2-05-240-CR

2-05-241-CR

2-05-242-CR

KEVIN MICHAEL NEILL APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Kevin Michael Neill appeals his conviction by the jury for aggravated sexual assault of a child and three convictions by the jury for indecency with a child.  The jury assessed Appellant’s punishment at forty years’ confinement for the aggravated sexual assault of a child,
(footnote: 2) fifteen years’ confinement for each of two of the indecency with a child cases,
(footnote: 3) and twenty years’ confinement for the third indecency with a child case.
(footnote: 4)  The trial court sentenced him accordingly, with the sentences to run concurrently.  In two issues, Appellant asserts that the trial court erred by allowing prejudicial hearsay testimony under the excited utterance exception to the prohibition against hearsay and by denying his motion for mistrial following the introduction of irrelevant and prejudicial testimony.  We affirm.

Because Appellant does not challenge the legal and factual sufficiency of the evidence, only a short rendition of the facts is necessary.  The evidence presented at trial demonstrated that Appellant had sexually assaulted two of his stepdaughters, C.C. and S.S., as well as C.C.’s childhood friend, D.L.  The offenses occurred on separate dates over the course of several years.  Each of the complainants testified against Appellant at trial.

HEARSAY

In his first issue, Appellant contends that the trial court erred in allowing prejudicial hearsay testimony as an excited utterance.  The trial court permitted C.C.’s middle school counselor, Joan Patrick, to testify over Appellant’s hearsay objection regarding statements that C.C. made about her abuse allegations.
(footnote: 5)  On November 10, 2003, fourteen-year-old C.C. arrived at school late, unwilling to go to class, and crying.  In response to Patrick’s questions, C.C. informed Patrick that she had been molested by her stepfather, Appellant, until she was eleven years old.  C.C. returned to Patrick’s office several times during the school year.  Patrick recalled that one time in particular, C.C. stated that Appellant had called her house, and C.C. was upset because she had answered the phone.

We review a trial court’s determination of whether evidence is admissible under the excited utterance exception for an abuse of discretion.  
Wall v. State
, 184 S.W.3d 730, 743 (Tex. Crim. App. 2006).  A trial court does not abuse its discretion, and we will not reverse a trial court’s ruling, unless the ruling falls outside the zone of reasonable disagreement.  
Montgomery v. State
, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (op. on reh’g).

Hearsay is a statement, other than one made by the declarant while testifying at a trial or hearing, offered in evidence to prove the truth of the matter asserted. 
Tex. R. Evid
. 801(d).  For hearsay to be admissible, it must fit into an exception provided by a statute or the rules of evidence.  
Tex. R. Evid.
 802.  One such exception is Rule 803(2), the excited utterance exception.  An excited utterance is a statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition.  
Tex. R. Evid.
 803(2).  The exception is based on the assumption that the declarant is not, at the time of the statement, capable of the kind of reflection that would enable the declarant to fabricate information.  
Apolinar v. State
, 155 S.W.3d 184, 186 (Tex. Crim. App. 2005).

     In determining whether a hearsay statement is admissible as an excited utterance, the court may consider the time elapsed and whether the statement was in response to a question.  
Zuliani v. State
, 97 S.W.3d 589, 595-96 (Tex. Crim. App. 2003).  However, it is not dispositive that the statement is an answer to a question or that it was separated by a period of time from the startling event; these are simply factors to consider in determining whether the statement is admissible under the excited utterance hearsay exception.  
Id. 
at 596.  The critical determination is “whether the declarant was still dominated by the emotions, excitement, fear, or pain of the event” or condition at the time of the statement.  
Id.

The State asserts that, although C.C.’s statements that Appellant sexually abused her were made approximately three years following the abuse, the statements nonetheless qualify as excited utterances under this court’s holding in 
Hunt v. State
, 904 S.W.2d 813, 816 (Tex. App.—Fort Worth 1995, pet. ref’d), because the startling event that triggers a spontaneous utterance does not necessarily have to be the crime itself.  In 
Hunt
, an eleven-year-old girl was sexually assaulted by her father’s friend.  
Id. 
at 815
. 
 Three months later, she saw a television show about a young rape victim who had been stabbed by her attacker.  
Id.
  The girl began to cry uncontrollably.  
Id.  
When her mother questioned why she was crying, the girl told her mother about the sexual assault.  
Id. 
 At trial, the complainant testified that after seeing the news program, she had become fearful that she might be pregnant.  
Id. 
at 816.  The complainant’s mother was also permitted to testify, over objection, to the contents of the conversation.  
Id
. at 815. 
 
The court held that the shock of seeing the television news program triggered the complainant’s out-of-court statements, and her fear of pregnancy was startling enough to produce a state of nervous excitement so as to render her subsequent remarks spontaneous.  
Id. 
at 816-17.

Although similarities exist between 
Hunt 
and the present case, we find 
Hunt 
to be distinguishable.  In the present case, almost three years had elapsed between the sexual abuse and the first statement that C.C. had made to Patrick, as opposed to the three-month time delay in 
Hunt
.  
See id.
 at 815.  The complainant in 
Hunt
 was eleven years old, 
id., 
while C.C. was fourteen at the time she made the statements to Patrick.  
Furthermore, in 
Hunt
, the startling event occurred just before the complainant informed her mother of the assault.  
See id.
  Here, Patrick described “one particular time” that C.C. had come to her office upset because she had answered the phone when Appellant called; however, Patrick did not testify as to when this phone call had taken place or how much time had elapsed between the phone call and the office visit.

The particularities of a startling event at or near the time that C.C. first described her abuse to Patrick are not present in the record.  The record reflects that C.C.’s statement regarding the name of the abuser was made in response to Patrick’s question, several years following the sexual abuse.  Nothing in the record indicates that C.C. made the statement while she was still dominated by the emotions, excitement, fear, or pain of the event or condition at the time she made the statement.  Accordingly, we hold that the trial court abused its discretion in permitting Patrick to testify concerning these statements.  
See
  
Zuliani
, 97 S.W.3d at 596.

Having found error, we must conduct a harm analysis to determine whether the error calls for reversal of the judgment.  
Tex. R. App. P.
 44.2.  If the error is constitutional, we apply rule 44.2(a) and reverse unless we determine beyond a reasonable doubt that the error did not contribute to appellant’s conviction or punishment.  
Tex. R. App. P.
 44.2(a).  Otherwise, we apply rule 44.2(b) and disregard the error if it did not affect Appellant’s substantial rights.  
See 
Tex. R. App. P.
 44.2(b);
 Mosley v. State,
 983 S.W.2d 249, 259 (Tex. Crim. App. 1998) (op. on reh’g), 
cert. denied
, 526 U.S. 1070 (1999); 
Coggeshall v. State
, 961 S.W.2d 639, 642-43 (Tex. App.—Fort Worth 1998, pet. ref’d).

The admission of otherwise inadmissible hearsay is a nonconstitutional error.  
Moon v. State
, 44 S.W.3d 589, 594-95 (Tex. App.—Fort Worth 2001, pet. ref’d).  Because we determine that the error is not constitutional, rule 44.2(b) is applicable.  
Tex. R. App. P.
 44.2(b).  A substantial right is affected when the error had a substantial and injurious effect or influence in determining the jury’s verdict.  
King v. State
, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997) (citing 
Kotteakos v. United States
, 328 U.S. 750, 776, 66 S. Ct. 1239, 1253 (1946)); 
Coggeshall,
 961 S.W.2d at 643.  In making this determination, we review the record as a whole. 
 See Johnson v. State
, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998). 

Patrick did not testify regarding the specific details of C.C.’s sexual abuse, she only testified to the name of the person who C.C. said committed the sexual abuse and that C.C. had come to her office upset several times during the school year.  C.C. later testified in detail to the specific acts.  We conclude that error in permitting Patrick to testify about C.C.’s statements was harmless because C.C. later testified to the same facts.  
See Harris v.State
, 133 S.W.3d 760, 772-73 (Tex. App.—Texarkana 2004, pet. ref’d); 
Moon
, 44 S.W.3d 
at 595; 
see also Brooks v. State
, 990 S.W.2d 278, 287 (Tex. Crim. App.), 
cert. denied
, 528 U.S. 956 (1999) (holding that any error in admitting evidence was harmless in light of other properly admitted evidence proving the same fact).  In the context of the entire case against Appellant, the trial court’s error in erroneously admitting the hearsay statements did not have a substantial or injurious effect on the jury’s verdict and did not affect Appellant’s substantial rights.  
See King
, 953 S.W.2d at 271.  Thus, we disregard the error.  
See
 
Tex. R. App. P.
 44.2(b).
  Accordingly, we overrule Appellant’s first issue. 

EXTRANEOUS OFFENSES

In his second issue, Appellant contends that the trial court abused its discretion in denying his motion for mistrial following the admission of evidence regarding extraneous acts.  The record reflects that Appellant filed a request for disclosure of extraneous offenses under code of criminal procedure article 38.37 and rule of evidence 404.  
Tex. Code Crim. Proc. Ann.
 art. 38.37 (Vernon Supp. 2006); 
Tex. R. Evid.
 404.  The State has not asserted that it provided notice to Appellant of its intention to present the evidence, and our review of the record does not contain anything showing that the State provided such notice.  Nevertheless, the State contends this evidence is admissible as same transaction contextual evidence.

Appellant complains about a specific statement S.S. made while testifying that Appellant would come into her room and touch her inappropriately during the middle of the night, and that sometimes she would pretend that she was still asleep when he came in.  S.S. further testified as follows:

Q.  You said earlier that you think sometimes things happened while you were asleep. 

A.  There were a couple of incidents where I woke up in the middle of the night or it was the next morning, and the crotch of my underwear were cut.

[DEFENSE COUNSEL]:  Your Honor, I’m going to object to that --

THE COURT:  I’m sorry?

[DEFENSE COUNSEL]:  I’m going to object to that, Your Honor.  She said she doesn’t know what happened.  I think we’re getting into an area that’s going to be more inflammatory without any specific allegations.

THE COURT:  Let me hear from you.

[PROSECUTOR]:  Well, of course, you don’t know, but she got it out a little that she’d wake up, and I can ask her what connection she believes --

THE COURT:  No. I sustain.  She doesn’t know.

Q.  (By [the prosecutor]) Did he ever mess with your panties while you were awake?  Let me rephrase that.  Did anybody else molest you or mess with you. 

A.  Never.

Q.  Did you - - were your panties discarded?

A.  No.  They would be cut off.

[DEFENSE COUNSEL]:  I’m going to have to object -- 

THE COURT:  Wait a minute.  Let me hear the objection. 

[DEFENSE COUNSEL]:  Your Honor, we know some things from the statement she has no idea how that happened, how the panties would be cut off, and we’re being forced to discuss that. 

THE COURT:  Yeah, that’s sustained. 

[DEFENSE COUNSEL]:  I’d ask the jury to be instructed to disregard that. 

THE COURT:  The jury will disregard that. 

[DEFENSE COUNSEL]:  And ask for a mistrial. 

THE COURT:  Denied.

Appellant contends that this evidence is inadmissible because it contains prejudicial references to extraneous bad acts that were not linked to him in that it leads to an inference that he had a weapon, or at least an object sufficiently sharp enough to cut cloth, in his possession at times when he entered S.S.’s room.  The State asserts that the evidence was admissible as same transaction contextual evidence.

We review rulings on the admissibility of evidence under an abuse of discretion standard. 
 Santellan v. State
, 939 S.W.2d 155, 169 (Tex. Crim. App. 1997).  If the court’s decision falls outside the “zone of reasonable disagreement,” it has abused its discretion.  
Rankin v. State
, 974 S.W.2d 707, 718 (Tex. Crim. App. 1996) (op. on reh’g); 
Montgomery
, 810 S.W.2d at 391.

Generally, evidence of other crimes, wrongs, or bad acts is not admissible during the guilt/innocence phase of the trial.  
Tex. R. Evid.
 404(b).  “Same transaction contextual evidence” may be admissible where several crimes are intermixed, blended with one another, or connected so that they form an indivisible criminal transaction. 
 Wyatt v. State
, 23 S.W.3d 18, 25 (Tex. Crim. App. 2000).  An extraneous offense occurs in the same transaction as another offense and is, thus, admissible when the offenses are “so intermixed or connected as to form a single, indivisible criminal transaction, such that in narrating the one, it is impracticable to avoid describing the other.”  
McDonald v. State
, 179 S.W.3d 571, 577 (Tex. Crim. App. 2005) (quoting 
Rogers v. State
, 853 S.W.2d 29, 33-34 (Tex. Crim. App. 1993)); 
see also King v. State
, 189 S.W.3d 347, 354 (Tex. App.—Fort Worth 2006, no pet.) (holding that extraneous offense is same transaction contextual evidence if it is so intertwined with the charged offense that full proof of either cannot be had without eliciting testimony of the other).  Same transaction contextual evidence is admissible “only to the extent that it is necessary to the jury’s understanding of the offense,” that is, “only when the offense would make little or no sense without also bringing in the same transaction evidence.” 
 McDonald, 
179 S.W.3d at 577 (quoting 
Wyatt
, 23 S.W.3d at 25).

Here, the State attempted to admit evidence that S.S. had awoken on several occasions to find that the crotch of her panties was cut.  The record reflects that these extraneous bad acts could not necessarily be linked to Appellant because S.S. was asleep when the incidents occurred.  We disagree with the State’s contention that the testimony falls within the category of same transaction contextual evidence.  The testimony regarding the sexual assaults could be understood without S.S.’s testimony that she would wake up to find that her panties had been cut.  
See id.

Appellant asserts that the prejudicial effect of S.S.’s statements was not obviated by the trial court’s instruction to disregard because the harmful testimony had already been heard by the jury.  We review a trial court’s decision to deny a motion for mistrial under an abuse-of-discretion standard of review. 
 Wead v. State
, 129 S.W.3d 126, 129 (Tex. Crim. App. 2004).

An instruction to disregard attempts to cure any harm or prejudice resulting from events that have already occurred.  
Young v. State
, 137 S.W.3d 65, 69 (Tex. Crim. App. 2004).  Where the prejudice is curable, an instruction eliminates the need for a mistrial, thereby conserving the resources associated with beginning the trial process anew.  
Id.
  Like an instruction to disregard, a mistrial serves a corrective function.  
Id.  
However, the class of events that require a mistrial is smaller than that for which a sustained objection or an instruction to disregard will suffice to prevent or correct the harm.  
Id.
  A grant of a motion for mistrial should be reserved for those cases in which an objection could not have prevented, and an instruction to disregard could not cure, the prejudice stemming from an event at trial; for example, where an instruction would not leave the jury in an acceptable state to continue the trial.  
Id.

When a trial court sustains an objection and instructs the jury to disregard, we presume the jury complies with the court’s instruction.  
See Colburn v. State
, 966 S.W.2d 511, 520 (Tex. Crim. App. 1998).  Here, the trial court instructed the jury to disregard the statement, and we will presume that the jury complied with this instruction.  
See id.
  Additionally, the record does not reflect that the parties requested to have the discussion outside the presence of the jury; therefore, the jury was able to hear Appellant’s argument that the State was unable to link him to the extraneous offense of cutting S.S.’s panties.  Accordingly, we hold that the trial court did not abuse its discretion in denying Appellant’s motion for mistrial.  We overrule Appellant’s second issue.

CONCLUSION

Having overruled each of Appellant’s two issues, we affirm the trial court’s judgment.

PER CURIAM

PANEL B:  WILLIAM BRIGHAM (Senior Justice, Retired, Sitting by Assignment); WALKER and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  October 5, 2006

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.

2:
Cause No. 2-05-241-CR (the victim is D.L.).

3:
Cause Nos. 2-05-240-CR (the victim is S.S.) and 2-05-241-CR (the victim is D.L.).

4:
Cause No. 2-05-242-CR (the victim is C.C.).

5:
It is undisputed that the statements to C.C.’s school counselor do not qualify as “outcry” statements.  An outcry statement is an exception to the hearsay rule for the 
first
 report of sexual abuse that the victimized child makes to a person over the age of eighteen.  
See
 Tex. Code Crim. Proc. Ann. 
art. 38.072, § 2(a) (Vernon 2005).
  C.C. 
had mentioned the abuse to her mother prior to informing the school counselor; thus, the statements to C.C.’s school counselor do not qualify as outcry statements.  
See id.