Opinion issued February 12, 2009













In The

Court of Appeals

For The

First District of Texas






NO. 01-07-00543-CR






JOE LEE SIMMONS, Appellant


v.


THE STATE OF TEXAS, Appellee






On Appeal from the 209th District Court

Harris County, Texas

Trial Court Cause No. 967208






O P I N I O N 


 A jury found appellant, Joe Lee Simmons, guilty of possession of a controlled
substance, namely cocaine, weighing 4 or more grams but less than 200 grams. (1) After
finding allegations of two prior felony convictions to be true, the jury assessed
appellant's punishment at 55 years in prison. In four issues, appellant challenges the
trial court's denial of his motion to suppress, complains the trial court erred by
admitting the testimony of the State's forensic chemist, and asserts that the trial court
erred by permitting the amendment of one of the enhancement allegations in the
indictment. (2)

 We affirm. 

 Background


 On November 5, 2003, Officer T. Carr of the Houston Police Department was
patrolling a high crime area of Houston in his police cruiser. Officer Carr noticed
appellant standing in a moving lane of traffic. The officer then saw appellant
"littering pieces of paper on the street." After pulling into a parking lot, Officer Carr
approached appellant and asked appellant for identification. Appellant told Officer
Carr that he did not have identification. 

 Officer Carr explained to appellant that, because appellant did not have
identification, the officer could not issue a written citation to appellant for improperly
disposing of the paper. Instead, police department policy required the officer to arrest
appellant for the "littering" violation. At that point, Officer Carr placed appellant
under arrest. Officer Carr then conducted a search of appellant incident to arrest. In
appellant's shirt pocket, the officer found appellant's Texas identification card and
a bottle containing a substance later determined to be cocaine. 

 Appellant filed a motion seeking to suppress the evidence recovered as a result
of Officer Carr's search. Following a evidentiary hearing, the trial court denied
appellant's motion. 

Motion to Suppress


 Appellant's first two issues contain challenges to the trial court's denial of his
motion to suppress. 

A. Standard and Scope of Review

 We review a trial court's ruling on a motion to suppress for abuse of discretion. 
See State v. Dixon, 206 S.W.3d 587, 590 (Tex. Crim. App. 2006). We reverse the
trial court's ruling only if it is outside the zone of reasonable disagreement. See id.
In conducting our analysis, we must view all of the evidence in the light most
favorable to the trial court's ruling. See State v. Garcia-Cantu, 253 S.W.3d 236, 241
(Tex. Crim. App. 2008). We sustain the trial court's ruling if it is reasonably
supported by the record and is correct on any theory of law applicable to the case. 
See Dixon, 206 S.W.3d at 590. We give almost total deference to a trial court's
express or implied determination of historical facts and review de novo the court's
application of the law of search and seizure to those facts. See id.

B. Reasonable Suspicion for Stop and Detention 

 In his first issue, appellant presents two arguments challenging the trial court's
motion to suppress ruling. Appellant first contends that Officer Carr's stop and
detention of him was "illegal." 

 An officer conducts a lawful temporary detention when he has reasonable
suspicion to believe that an individual is violating the law. Balentine v. State, 71
S.W.3d 763, 768 (Tex. Crim. App. 2002). The burden is on the State to elicit
testimony showing sufficient facts to create a reasonable suspicion. Garcia v. State,
43 S.W.3d 527, 530 (Tex. Crim. App. 2001). 

 Reasonable suspicion exists if the officer has specific, articulable facts that,
when combined with rational inferences from those facts, would lead him to
reasonably conclude that a particular person actually is, has been, or soon will be
engaged in criminal activity. Id. This is an objective standard that disregards any
subjective intent of the officer making the stop and looks solely to whether an
objective basis for the stop exists. Id. A reasonable-suspicion determination is made
by considering the totality of the circumstances. Id. Whether a search is reasonable
is a question of law that we review de novo. See Castro v. State, 202 S.W.3d 348,
355 (Tex. Crim. App. 2007).

 Here, appellant contends that the State did not show that Officer Carr had a
reasonable suspicion to believe that he was violating the law when the officer 
stopped appellant. In his opening brief, appellant asserts that Officer Carr's
testimony at the suppression hearing "gave only a conclusionary [sic] statement
regarding littering and not specific articulable facts to support a reasonable suspicion
that he had committed the offense of littering." 

 In Castro v. State, the Court of Criminal Appeals explained that the amount of
specific and subjective detail that an officer must give to demonstrate that a detention
is reasonable depends on the nature of the offense. See 227 S.W.3d 737, 742 (Tex.
Crim App. 2007). When the determination of whether an offense has been committed
requires an officer to make a subjective determination, then the officer must provide
a detailed account of his observations to support that determination. See id. 

 The Castro court discussed in detail its earlier decision in Ford v. State. Id. at
742-43. In Ford, the police officer testified, without elaborating, that he stopped the
defendant's vehicle because the defendant was following another vehicle too closely. 
158 S.W.3d 488, 491 (Tex. Crim. App. 2005). The Ford court concluded that the
officer's conclusory testimony was not sufficient to support a finding of reasonable
suspicion because the offense of following another vehicle too closely requires an
officer to make a subjective determination based on a number of statutory factors. 
See id. at 493-94; see also Tex. Transp. Code Ann. § 545.062(a) (Vernon 1999). 

 In contrast, the offense involved in Castro was one requiring the officer to
make an objective determination. See 227 S.W.3d at 742. There, the officer testified
that the defendant's vehicle was stopped because the defendant failed to signal a lane
change, which is a traffic offense. Id. at 739-40. In distinguishing Ford, the Castro
court explained that "in cases involving offenses such as failure to signal a lane
change, a court can determine whether an officer's determination that a driver
committed a traffic violation was objectively reasonable without being presented with
a detailed account of the officer's observations." Id. at 742. 

 Here, Officer Carr testified that he detained and then arrested appellant because
he observed appellant "littering pieces of paper on the street." The officer stated that
he later determined that the paper was a torn-up bus pass. Officer Carr confirmed that
"littering" is a criminal offense. At the conclusion of the hearing, the trial court orally
found that Officer Carr had detained appellant because the officer saw appellant
commit a violation of the law, more particularly, a "class C misdemeanor." 

 Health and Safety Code section 365.012(a) provides that a person commits the
offense of illegal dumping if he "disposes or allows or permits the disposal of litter
or other solid waste at a place that is not an approved solid waste site, including a
place on or within 300 feet of a public highway, on a right-of-way, on other public
or private property, or into inland or coastal water of the state." (3) Tex. Health &
Safety Code Ann. § 365.012(a) (Vernon Supp. 2008). Illegal dumping is a class C
misdemeanor if the litter or other solid waste weighs five pounds or less or has a
volume of five gallons or less. See id. § 365.012(d). 

 With respect to our discussion, the offense of illegal dumping is more like the
offense of failure to signal a lane change discussed in Castro than the offense of
following too closely discussed in Ford. The nature of illegal dumping does not
require an officer to make a subjective determination. A court can decide whether an
officer's illegal dumping determination was objectively reasonable without being
presented with a detailed account of the officer's observations. 

 In any event, Officer Carr's testimony passes muster under Ford's subjective
offense standard. Officer Carr provided specific, articulable facts regarding his
observations. Officer Carr testified that he saw appellant littering pieces of a torn up
paper in the street. 

 Under its common meaning, the term "littering" connotes a purposeful, or at
a minimum a reckless, act. From this, the trial court could have reasonably inferred
that appellant was disposing of the torn paper. In addition, the statutory definition,
and logic, indicate that the pieces of paper discarded by appellant--which Officer
Carr discovered was a torn-up bus pass--constituted "litter" or "solid waste." See id.
§ 365.011(6),(9) (Vernon 2001). Also, common sense, as well as the statute, dictates
that the street was not "an approved solid waste site." See id. § 365.011(1). In sum,
the State presented sufficient evidence to support a conclusion that Officer Carr had
reasonable suspicion to stop appellant for the offense of illegal dumping. 

C. Article 2.13 

 Appellant also contends that the trial court erred by denying his motion to
suppress because the State did not show that Officer Carr gave "notice to some
magistrate of all offenses [including "littering"] committed within the officer's
jurisdiction, where the officer has good reason to believe there has been a violation
of the penal law," as provided in Code of Criminal Procedure article 2.13(b)(3). See
Tex. Code Crim. Proc. Ann. art. 2.13(b)(3) (Vernon 2005). Appellant argues that
the lack of a article 2.13(b)(3) showing demonstrates that Officer Carr did not have
a reasonable suspicion to stop and detain him for littering.

 Appellant did not raise this argument either in his pretrial motion or at the
motion to suppress hearing. Appellant makes this argument for the first time on
appeal. 

 A motion to suppress is nothing more than a specialized objection to the
admissibility of evidence. Galitz v. State, 617 S.W.2d 949, 952 n. 10 (Tex. Crim.
App. 1981). To preserve a complaint for appellate review, a party must have
presented to the trial court a timely request, objection, or motion stating the specific
grounds for the ruling desired. Tex. R. App. P. 33.1(a)(1). A defendant's appellate
contention must comport with the specific objection made at trial. Wilson v. State,
71 S.W.3d 346, 349 (Tex. Crim. App. 2002). An objection stating one legal theory
may not be used to support a different legal theory on appeal. Broxton v. State, 909
S.W.2d 912, 918 (Tex. Crim. App. 1995). A reviewing court will not consider errors,
even of constitutional magnitude, not called to the trial court's attention. Id. Because
appellant did not raise the article 2.13 issue in conjunction with his motion to
suppress, appellant waived his right to argue the point on appeal. See Tex. R. App.
P. 33.1(a)(1).

 We overrule appellant's first issue.

D. The Arrest

 In his second issue, appellant further challenges the denial of his motion to
suppress on the ground that his arrest was not "lawful." Appellant contends that
Officer Carr had no probable cause to arrest him for failing to produce written
identification. Appellant asserts that he was not required to identify himself prior to
being arrested and that he was not required to produce written identification. 
Appellant cites Penal Code section 38.02, which provides that a person is required
to provide identifying information to a peace officer only after that person has been
lawfully arrested. See Tex. Penal Code Ann. § 38.02(a) (Vernon 2003). 

 Contrary to appellant's contention, the record reveals that Officer Carr did not
arrest him for failing to produce written identification. Officer Carr testified
unequivocally at the motion to suppress hearing that he arrested appellant for
littering. Officer Carr explained that police department policy does not allow officers
to give written citations for an offense when the offender cannot produce written
identification to verify the offender's identity. Officer Carr testified that he would
have given appellant a citation for littering if appellant had produced identification,
but he did not testify that he arrested appellant for the offense of failure to identify. 
Accordingly, appellant's contention is unsupported by the record and without merit. 

 We overrule appellant's second issue.

Objection to Testimony of State's Forensic Chemist


 In his third issue, appellant contends that the trial court erred by allowing the
testimony of the State's forensic chemist, who performed a chemical analysis on the
controlled substance found in appellant's shirt pocket. On appeal, appellant argues
that the chemist's testimony was inadmissible because the chemical analysis was
performed at a laboratory that was not accredited at the time of the analysis. 

 Appellant relies on Code of Criminal Procedure article 38.35(d)(1), which
provides that a forensic analysis of physical evidence and expert testimony relating
to the evidence are not admissible in a criminal action if, at the time of the analysis,
the crime laboratory conducting the analysis was not accredited by the Department
of Public Safety. Tex. Code Crim. Proc. Ann. art 38.35(d)(1) (Vernon Supp. 2008). 
On cross-examination, the State's chemist acknowledged that the laboratory was not
accredited at the time he performed the forensic analysis. Appellant, however, did
not object to the admission of the chemist's testimony on the basis that the laboratory
was not accredited. Instead, immediately following the chemist's statement that the
laboratory was not accredited, appellant made the following objection: "Your Honor,
at this time, I object for this evidence to be admissible [sic] because it's been
tampered with, the chain of custody has been broken." The trial court overruled the
objection. 

 To preserve error, an objection on appeal must comport with the objection
made in the trial court. See Guevara v. State, 97 S.W.3d 579, 583 (Tex. Crim. App. 
2003); see also Tex. R. App. P. 33.1(a). An objection may be preserved if the specific
grounds for the objection are apparent from the context. See Tex. R. App. P. 33.1(a);
Tex. R. Evid. 103(a)(1); see also Heidelberg v. State, 144 S.W.3d 535, 538 (Tex.
Crim. App. 2004). 

 In his reply brief, appellant asserts that, when read in context, his chain-of-custody objection in the trial court was sufficient to preserve his article 38.35 lack-of-accreditation complaint on appeal. To support this assertion, appellant cites his cross-examination of the chemist preceding his chain-of-custody objection, which focuses
on whether the chemist was "accredited" or qualified and on whether the laboratory
was accredited. 

 A review of the record indicates that this is not a case in which the claimed
objection is apparent from the context. Appellant's stated objection in no manner
referenced the substance of the preceding cross-examination and does not naturally
segue from that line of questioning. Instead, appellant's objection specifically
referenced, without any explanation, a distinct evidentiary objection from the one that
he now asserts on appeal. Thus, appellant has failed to preserve his objection that the
trial court erred by admitting the testimony of the State's forensic chemist. (4) See Tex.
R. App. P. 33.1(a).

 We overrule appellant's third issue.

Amendment of Indictment


 In his fourth issue, appellant contends that the trial court erred by permitting 
one of the enhancement paragraphs in the indictment to be amended.

 The State indicted appellant in June 2004. The indictment contained two
enhancement paragraphs. One of these paragraphs contained allegations that
appellant had been previously convicted of aggravated robbery on February 19, 1979. 
 On August 18, 2004, the State filed a motion to amend the indictment. The
State requested that the date of conviction for the aggravated robbery offense be
corrected from February 19, 1979 to February 8, 1979. Attached to the motion was
a certificate of service indicating that the motion had been served on defense counsel. 
The trial court signed an order granting the motion, which also indicated that notice
of the motion had been given to the defense. 

 The indictment contains a hand-written interlineation changing the date in the
enhancement paragraph from February 19, 1979 to February 8, 1979. Next to the
correction are what appear to be the initials of the presiding judge. The indictment
does not reflect the date of the correction.

 A visiting judge tried appellant's case in June 2007. At the beginning of the
punishment phase, appellant objected to the amendment of the enhancement
paragraph on the ground that he had not been given notice of the amendment. 

 The State argued that appellant had received timely notice. The State informed
the visiting judge that, although the presiding judge had made the hand-written
correction to the indictment the week before, the motion to amend the indictment had
been filed and granted in August 2004. The State pointed out that the motion to
amend indicated that it was sent to the defense at the time it was filed. Based on this,
and on the fact that the order granting the motion was contained in the court's file, to
which appellant had access, the trial court denied appellant's objection to the
amendment of the indictment. 

 Texas Code of Criminal Procedure article 28.10 prescribes the following
procedure for amending an indictment:

 (a) After notice to the defendant, a matter of form or substance in an
indictment or information may be amended at any time before the date
of the trial on the merits commences. On the request of the defendant,
the court shall allow the defendant not less than 10 days, or a shorter
period if requested by the defendant, to respond to the amended
indictment or information.


 (b) A matter of form or substance in an indictment or information may
also be amended after the trial on the merits commences if the defendant
does not object.


 (c) An indictment or information may not be amended over the
defendant's objection as to form or substance if the amended indictment
or information charges the defendant with an additional or different
offense or if the substantial rights of the defendant are prejudiced.


Tex. Code Crim. Proc. Ann. art. 28.10(a)-(c) (Vernon 2006). On appeal, appellant
complains that the indictment's amendment runs afoul of article 28.10 because the
amendment occurred after trial began, over the defense's objection. (5) 

 To support his claim, appellant points out that the hand-written correction on
the face of the indictment was not dated. This, however, does not establish that the
indictment was improperly amended after trial began. "It is generally presumed on
appeal that the court ruled correctly and that the appellant must show error." Hall v.
State, 829 S.W.2d 407, 410-11 (Tex. App.--Waco 1992, no pet.) (citing Hardin v.
State, 471 S.W.2d 60, 63 (Tex. Crim. App. 1971)). "It is appellant's burden to not
only preserve the alleged error for review, but to present a record of the alleged error
sufficient for us to review it and determine if it was error and if so whether the
defendant was harmed." Montoya v. State, 43 S.W.3d 568, 572 (Tex. App.--Waco
2001, no pet.); see also Word v. State, 206 S.W.3d 646, 651-52 (Tex. Crim. App.
2006) ("It is usually the appealing party's burden to present a record showing
properly preserved, reversible error."); McCarty v. State, 227 S.W.3d 415, 418 (Tex.
App.--Texarkana 2007) ("A defendant has the burden to present a record on appeal
that shows he is entitled to relief."), aff'd, 257 S.W.3d 238 (Tex. Crim. App. 2008). 
 The absence of a date for the hand-written correction on the face of the
indictment does not establish that the amendment was made after trial began. The
August 2004 motion to amend and accompanying order granting the amendment
would arguably suggest that the amendment was made before trial. In any event,
appellant has failed to show error with regard to the timeliness of amendment. (6) 

 In addition, variances between an indictment and the proof of cause numbers,
courts, and dates of conviction in enhancement paragraphs have been held not to be
material. See Freda v. State, 704 S.W.2d 41, 42-43 (Tex. Crim. App. 1986). It
logically follows that, had the date of appellant's prior conviction not been corrected
in the indictment, the variance would have been immaterial. A variance in dates of
conviction is not fatal when there is no surprise or prejudice to the defendant. Benton
v. State, 770 S.W.2d 946, 947 (Tex. App.--Houston [1st Dist.] 1989, pet. ref'd). 

 The record does not reveal that appellant was surprised or prejudiced by the
variance. In addition to the State's motion to amend the indictment, the State
informed appellant of its intent to use the prior conviction in its "Notice of Intention
to Use Evidence of Prior Convictions and Extraneous Offenses," which was sent to
appellant and filed with the trial court on August 18, 2004, nearly three years before
trial. The notice reflects the correct date of the prior aggravated robbery conviction. 
Thus, even if the trial court had erred with respect to amending the indictment, we
conclude that no surprise, prejudice, or harm resulted.

 We overrule appellant's fourth issue. 

Conclusion


 We affirm the judgment of the trial court.





 

 Laura Carter Higley

 Justice


Panel consists of Justices Jennings, Keyes, and Higley.


Publish. See Tex. R. App. P. 47.2(b).
1. See Tex. Health & Safety Code Ann. § 481.102(3)(D) (Vernon Supp. 2008),
§ 481.112(a), (d) (Vernon 2003). 
2. Appellant represented himself at the motion to suppress hearing and at trial. The trial
court appointed counsel to appellant for this appeal. The trial court later granted
appellant's request to represent himself on appeal. Appellant has filed his pro se
briefing and the State has responded.
3. Officer Carr also made a remark during the motion to suppress hearing indicating that
littering is a municipal code violation. 
4. Appellant mentioned the accreditation issue in his motion to suppress. However, the
issue was not adjudicated at the motion to suppress hearing, and the trial court made
no ruling with respect to that ground.
5. As stated, appellant objected in the trial court that he did not have notice of the
amendment. Based on the State's motion to amend and the trial court's order, the trial
court determined that appellant did have notice of the amendment. The trial court's
ruling is supported by the motion and the order as found in the record. Moreover,
appellant's complaint on appeal is not one of notice; rather, he complains that the
indictment was amended after trial began. Thus, it is questionable whether appellant
has preserved error. See Tex. R. App. P. 33.1(a). 
6. We also note that the Amarillo Court of Appeals has held that article 28.10 does not
apply to an amendment of an enhancement allegation because the enhancement
allegation was "unessential to the validity of the indictment" and, thus, "comparable
to surplusage." Johnson v. State, 214 S.W.3d 157, 158-59 (Tex. App.--Amarillo
2007, no pet.). The Fourteenth Court of Appeals has similarly concluded, in an
unpublished opinion, that, because alterations were made to enhancement allegations,
rather than to an element of the charged offense, article 28.10 did not apply to the
alteration. See Barnes v. State, Nos. 14-05-00144-CR, 14-s05-00145-CR, 2006 WL
2548186, *3-4 (Tex. App.--Houston [14th Dist.] Sept. 5, 2006, pets. ref'd) (mem.
op., not designated for publication).