**655·15**

NO. PD-0655-15

IN THE

COURT OF CRIMINAL APPEALS

OF TEXAS AT AUSTIN

ORIGINAL

FILED IN
COURT OF CRIMINAL APPEALS

I:C/ 2C 2C15

Abel Acosta, Clerk

TIWIAN LAQUINN SKIEF                    PETITIONER

V.

THE STATE OF TEXAS                      RESPONDANT

## PETITIONER'S MOTION FOR REHEARING

On Rehearing from a refusal of his Petition for Discretionary Review in No. PD-0655-15 on November 4, 2015.

RECEIVED IN
COURT OF CRIMINAL APPEALS

NOV 23 2015

Abel Acosta, Clerk

Tiwian LaQuinn Skief

TDCJ #01769917

Coffield unit

2661 FM 2054

Tenn. Colony, Tx. 75884

Pro se.

TIWIAN LAQUINN SKIEF § IN THE COURT OF CRIMINAL

V. § APPEALS OF TEXAS AT

THE STATE OF TEXAS § AUSTIN.

## MOTION FOR REHEARING

COMES NOW Tiwian Skief, #01769917, Petitioner in the above -styled and -numbered cause and files his motion for rehearing, and shows this Honorable Court GOOD CAUSE to GRANT this motion as follows:

## PERTAINING TO QUESTION NUMBER ONE

Within the Petitioner's question number one, the issue boils down to this question here: Is there evidence (facts) that shows the Petitioner sought an explanation from or discussion with the Complainant concerning their differences? No! The Petitioner truly searched the entire record, and has found out that **not one witness** testified to the erroneous conclusion that "the Petitioner sought out and/or approached complainant." In other words, there is no evidence of the Petitioner seeking out for and/or approached Complainant.

Their is one element in common when this Honorable Court looks in Lee v. State [259 S.W.3d 785 (Tex.App. --Houston, 1st Dist, 2007)], **Fink v. State** [97 S.W.3d 739 (Tex.App. --Austin, 2003)], and **Bumguardner v. State** [963 S.W.2d 171 (Tex.App. --Waco 1998)]. Truly, this one element is that Lee, Fink, and Bumguarder all sought out for and/or approached complainant in their cases. The Petitioner lacks this one main element. Therefore, the

Petitioner argues that there is a substantial circumstance within the Petitioner's case that is in need to be re-addressed by this Honorable Court. Finally, this Honorable Court should grant the Petitioner's rehearing.

## PERTAINING TO QUESTION NUMBER TWO

Since the Petitioner argees that Riketta's statement to Barbara Castro was an excited utterence, this Honorable Court must look to the attendant circumstances and assess the likelihood that a reasoanble person would have either retained or regained the capacity to make a testimonial statement at the time of the utterance. See U.S. v. Brito, 427 F.3d 53, 61-62 (1st Cir. 2005); Wall v. State, 184 S.W.3d 730, 742 (Tex.Crim.App. 2006).

The Fifth District Court of Appeals simply did not do this. Therefore, This Honorable Court should rehear this question at hand. Furthermore, Riketta Johnson, being unde rhte stress of the phone call, was not in immediate danger and Riketta knew, and comprehended the larger significance of her words. In basic terms the record fairly supports her statements to Castro, and the fact that the statement also qualifies as an excited utterance, will not alter Riketta's testimonial nature!

Finally, the Fifth District Court of Appeals failed to properly use the two-pronged test set out in Wall v. State becuase they are bound to. id. 184 S.W.3d 730, 742-43 (Tex.Crim.App. 2006). The Petitioner implores this Honorable Court to rehear this Question for review at hand, and grant this motion for rehearing.

## PERTAINING TO QUESTION NUMBER THREE

The Petitioner only seeks for an answer for the following two questions: (1) Did the United States Supreme Court intend for the State Courts to limit (or restrict) the term, or definition of "Testimonial" to solely relate a statement, declaration, or affirmation to law inforcement based agencies only? And (2) Although the Texarkana District Court of Appeals in **McCarty v. State**, provided some classic examples held in Crawford, does the Classic examples give the right for state court's to limit the testimonial analysis to law enforecement based agencies only? id. 227 S.W.3d 415, 418 (Tex.App.--Texarana, 2007).

The Petitioner contends that the State should not be allowed to limit the definition of Testimonial to law enforcement based agencies only. When the courts in Texas have adopted the same view set out in **McCarty**, Axiomly, this Court never cited or relied in any authority while taking this upon themselves to limit (or restrict) the Crawford's confrontational definition of the term Testimonial. id. 227 S.W.3d at 418. Again and finally, the Petitioner believes that the United States Supreme Court did not intend for their term, or definition to be limited or restricted to law enforcement based agencies only! Therfore, the Petitioner firmly stands on the fact that Riketta's statement to a manager in the strip club environment fits into the definition of testimonial. The Petitioner implores this Honorable Court to rehear this question for review and grant this motion for rehearing at hand.

## PRAYER FOR RELIEF

The Petitioner prays that this Honorable Court will grant rehearing, and request for briefs on the merits, or as rendered.

_____
Tiwian Laquinn Skief
#01769917-Coffield
2661 FM 2054
Tenn.Colony, Tx. 75884
Pro se.

## INMATE DECLARATION

I, Tiwian Laquinn Skief, #01769917, being incarcerated in the Coffield unit in Anderson County, Texas, delcares that the foregoing is true and correct under the penalty of perjury. Executed this day of November 17, 2015.

_____
Tiwian Laquinn Skief
#01769917-Coffield
2661 FM 2054
Tenn.Colony, Tx. 75884
Pro se.

## PROOF OF MAILING

I, Tiwian Laquinn Skief, #01769917, have placed this motion for rehearing in the internal mailing system of the Coffield unit in Anderson County, Texas, on November 17, 2015. This is true and correct under the penalty of perjury. Executed this day of November 17, 2015.

_____
Tiwian Laquinn Skief
#01769917-Coffield
2661 FM 2054
Tenn.Colony, Tx. 75884
Pro se.

page 4

NO. PD-0655-15

| TIWIAN LAQUINN SKIEF | § | IN THE COURT OF CRIMINAL |
| V. | § | APPEALS OF TEXAS AT |
| THE STATE OF TEXAS | § | AUSTIN. |

## CERTIFICATION OF GOOD FAITH

COMES NOW, Tiwian Laquinn Skief, #01769917, certifies that the foregoing motion for rehearing is done in good faith and not for any kind of delay becuase the foregoing motion is so grounded in the law, it requires for this Honorable Court to rehear Petitioner's case.

This is true and correct under the penalty of perjury. Executed on this day of November 17, 2015.

Tiwian Laquinn Skief
#01769917-Coffield
2661 FM 2054
Tenn.Colony, Tx. 75884
Pro se.

Clerk of the Court of
Criminal Appeals at Austin
P.O. Box 12308,
Capitol Station,
Austin, Texas 78711                    November 17, 2015


    RE: Skief, Tiawian Laquinn; PD-0655-15;
        COA No. 05-12-00223-CR; tr.Ct.No. F10-35936-L


    Dear clerk of the Court,

    Enclosed is a motion for rehearing on the above styled and
numbered cause. The Court of Criminal Appeals granted me the
ability to file a single copy on May 29, 2015. Please make and
provide the necessary copies to go to the required parties at
hand.

    Thank you for all your time and help within this matter!


                        Respectfully,

                        Tiwian Laquinn Skief
                        #01769917-Coffield
                        2661 FM 2054
                        Tenn.Colony, Tx. 75884
                        Pro se.


Cc: file.

Tiwian L. Skief
#01769917-Coffield
2661 FM 2054
Tenn.Colony, Tx. 75884

LEGAL MAIL!!

NORTH TEXAS TX P&DC
DALLAS TX 750
19 NOV 2015 PM 4 L

78711230808

Clerk of the Court of
Criminal Appeals in Austin Texas
P.O. Box 12308,
Capitol Station
Austin, Tx. 78711

